Jackson
v.
Fitzsimmons.

JACKSON, *ex dem.* Fitzsimmons, *vs.* FITZSIMMONS.

On a verdict subject to the opinion of the court, the party for whom the verdict is found cannot regularly enter a rule for judgment, until the determination of the question.

The *postea* in such case should be stayed with the clerk of the circuit until the decision of the question, and a verdict is then entered in conformity to the decision.

August 4.

PRACTICE on verdict subject to opinion of court. This cause was tried at the Saratoga circuit in May, 1829, and by the direction of the judge, a verdict was found for the *plaintiff* for the undivided half of the premises claimed, subject to the opinion of this court on a case to be made. At the following term the plaintiff filed the *nisi prius roll*, with a *postea* endorsed thereon, as upon a *general verdict* for the plaintiff, and the *minutes* of the clerk of the circuit also certifying a general verdict for the plaintiff, and entered a rule for judgment *nisi*. A case was made and argued, and at the last *July* term judgment was given for the defendant. A motion was now made in behalf of the defendant to set aside the *postea* filed, and rule for judgment entered by the plaintiff for irregularity, and that the defendant have leave to file a *postea* conforming with the truth of the case, or stating a general verdict for the defendant, and to perfect judgment in his favor.

*J. Williams*, for defendant.

*J. L. Viele*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. The practice here, in a case like this, does not appear to be settled. According to the practice of the K. B. in England, when there is a verdict found for either party, subject to the opinion of the court above on a case made, the *postea* is stayed in the hands of the officer of *nisi prius* till the question is determined, and the

verdict is then entered for the plaintiff or defendant, as the case may happen, 2 *Tidd*, 808, and such must be the practice here. The motion is granted.