## CRITTENDEN *a.* THE EMPIRE STONE DRESSING COMPANY.

*New York Superior Court ; General Term, April,* 1856.

VERDICT SUBJECT TO OPINION OF THE COURT.—POWERS OF THE GENERAL TERM.

Where, in a case presenting no question whatever for the determination of the jury, the judge directs a verdict subject to the opinion of the court, the general term have power when the case comes before them, to direct the proper judgment. They are not limited, if they think the law does not sustain the verdict, to the granting of a new trial.

Application for a judgment on a verdict taken subject to the opinion of the court.

*Mr. Andrews,* for the plaintiff.

*Mr. Sandford,* for the defendants.

By THE COURT, HOFFMAN, J.—The case arises on a verdict of a jury taken subject to the opinion of the court at general term, on a case to be made with liberty to turn the same into a bill of exceptions.

The action is brought upon a promissory note made by the

defendants, dated the 9th of May, 1854, in favor of E. E. Jarman, for the sum of $1,000. It was indorsed by Jarman, and then by Charles T. Shelton. The note was made for the accommodation of the defendants, was procured to be discounted for their benefit by Shelton, *and he credited the amount to such defendants on his books in May*, 1854. One N. A. Cowdrey of New Haven, Connecticut, discounted the note. The note got into the hands of one Loren Cowdrey, who sued Shelton upon it in Connecticut, and obtained a judgment, upon which his property was set off, and stocks sold, so that the whole amount was satisfied and the sum of eighteen cents returned to the judgment debtor Shelton.

After this satisfaction, the attorney of Loren Cowdrey delivered the note, and as he says transferred all the right of the said Cowdrey in it, to the present plaintiff, receiving from him $137, which he claimed as a balance still due upon it, notwithstanding the satisfaction of the execution. He deposes that Shelton gave his assent to this transfer. That he told Shelton what he had done, who replied that it was all right. Shelton states that he had no knowledge when or by whom the note was transferred to the plaintiff.

It is manifest upon these facts that if Shelton could not sustain an action against the defendants, the plaintiff cannot. Shelton as indorser has paid the note in full. Cowdrey the holder had no interest in it to transfer to the plaintiff. The attorney demanding a right to it, for $137 delivers it to plaintiff. Suppose the statement true, that Shelton assented absolutely to this; in other words, that he had got the note, and delivered it for $137 to the plaintiff. He would take it subject to every right legal or equitable between Shelton and the defendants. And on the case as now presented, Shelton admits himself to be the debtor of the defendants for the whole avails of the note which he procured to be discounted.

It is manifest we think that there was something in the transaction not in evidence, but it is equally manifest that there is no possible ground to hold the defendants liable in this action.

The next question is, what determination we can make of the case.

After the plaintiff had rested, the defendants' counsel moved for a non suit, on a ground not necessary to state, which was denied.

The defendant having gone into evidence, and rested, moved for a dismissal on the ground that the plaintiff had not proved his title to the note, that it appeared the same belonged to Shelton. The judge ruled that the plaintiff should show further evidence of his title. He then called the attorney of the plaintiff in the suit in Connecticut who deposed as before noticed.

All the evidence being closed, the judge ordered a verdict to be entered for the plaintiff subject to the opinion of the court at general term on a case made, with liberty to turn the case into a bill of exceptions.

The case then is this. There was nothing at the trial to submit to the consideration of the jury; no question of fact whatever. The judge then in directing a verdict subject to the opinion of the court upon a case, directs substantially that the questions of law arising upon the facts proved or admitted, be submitted to the court at general term.

It comes then precisely within the last clause of section 265 of the Code, that where upon a trial, the case presents only questions of law, the judge may direct a verdict subject to the opinion of the court at general term. "And in that case the application for judgment must be made at the general term."

Does not this mean an application for judgment of dismissal by the defendant, as much as an application for judgment according to the verdict by the plaintiff?

By the former practice, upon a case made, under a direction at the circuit for a verdict subject to the opinion of the court, a judgment for the defendant could be given, and the practice was settled that the *postea* ought to be stayed in the hands of the clerk at the circuit, until the decision of the question; and the verdict and judgment was then entered for the plaintiff or the defendant, as the case may happen. (Jackson *v.* Fitzsimmons, 6 *Wend.*, 546).

In Astor *v.* L'Amoreux (4 *Sandf. Sup. Ct. R.*, 537), a cause had been tried without a jury, and jugment (*pro forma*) en-

tered in order to have the case presented at the general term. This was under a previous order granting a new trial. The court considering that it possessed the same powers as upon a review by the court of appeals of a judgment, and under the interpretation of the word "modify" in section 320, could give such a judgment as the inferior court ought to have rendered, and thereupon entered judgment for the defendant. Upon appeal (4 *Seld.*, 109), the court reversed this judgment, stating that there was error in ordering final judgment upon a case made at the trial. The superior court was only authorized to grant a new trial.

Upon referring to the report in 4 *Sandford* we find that the general term passed distinctly upon the evidence as establishing certain material facts which it was clear a new trial could not vary. This case is not an authority decisive of the present question.

In Marquat *v.* Marquat (2 *Kern.*, 338) the testimony had been taken by consent before a referee, and the case tried without a jury on pleadings and depositions. The judge at special term directed a judgment, which on appeal was reversed, and the complaint dismissed with costs. On appeal, Justice Johnson said—When the facts are ascertained upon the trial, either upon special verdict, or any other form of finding allowed by the law, the general question which party is entitled to judgment arises upon appeal, and in such cases a judgment disposing of the whole cause may be given at general term, notwithstanding such judgment be adverse to that given at the special term. But when the case is brought for review before the general term, upon an allegation of error in the trial—in the process of ascertaining the facts— the only judgment which can be properly given for the appellant, is one ordering a new trial.

The court however proceeded to observe, that the question of law which formed the ground of decision at general term was one which would necessarily arise upon another trial, and which therefore it was proper to examine. The court disposed of the case by affirming the judgment at special term.

In these cases we find that the general term had founded its decisions upon its own exposition of the evidence; in other

words finding the facts, when a jury or a judge should find them. That is all that is expressly held by the court of appeals to be erroneous. The present case is wholly different. A verdict taken subject to the opinion of the court without objection, is a submission of the whole case to the court upon the evidence, to find the facts and draw the conclusions of law.

The exceptions taken by the plaintiff in the course of the trial to the ruling of the judge were the admission of the deposition of Shelton—the record of the judgment in Connecticut; the ruling that he must give further proof of title to the note, after the defendant had rested; and an exception to his offer to prove by the attorney that the balance which he claimed as due on the note, was the avails of property sold as the property of Shelton, but which in fact belonged to one George Bliss.

The stock which had been sold as the property of Shelton to pay the execution stood on the books in the name of Bliss.

There is not a point made by the plaintiffs as to these supposed erroneous rulings; but the objections appear to us wholly untenable. The last is the only one which might deserve notice; but the answer to it is—that Bliss has never asserted any claim to the stock sold by the sheriff, and the note has been fully paid out of what must be assumed to have been Shelton's property.

There must be judgment for the defendants with costs.