Hoffman, J.
This case arises on a verdict of a jury, taken subject to the opinion of the court at General Term, judgment there to be entered, with liberty to turn the case into a bill of exceptions.
The action is brought upon a promissory note made by the defendants, dated the 9th of May, 1854, in favor of E. E. Jarman, for the sum of $1,000. It was endorsed by Jarman, and then by Charles T. Shelton. The note was made for the accommodation of the defendants, was procured to be discounted for their benefit by Shelton, and he credited the amount to such defendants on his books in May, 1854.
OneU. A. Oondrey, of Hew Haven, Connecticut, discounted the note. The note got into the hands of one Losen Oondrey, who sued Shelton upon it in Connecticut, and obtained a judgment, upon which his property was set off and stocks sold, so that the whole amount was satisfied, and the sum of eighteen cents returned to the judgment-debtor, Shelton.
*31 After this satisfaction, the attorney of Losen Condrey delivered the note, and, as he states, transferred all the right of s^id Condrey in it to the present plaintiff, receiving from, him $137, which he claimed as a balance still due upon it, notwithstanding the satisfaction of the execution. He deposes that Shelton gave his assent to this transfer; that he had told Shelton what he had done, who replied that it was all right. Shelton states that he had no knowledge when or by whom the note was transferred to the plaintiff.
It is manifest, upon these facts, that if Shelton could not sustain an action against the defendants the plaintiff cannot. Shelton, as indorser, had paid the note in full; Condrey, the holder, had no interest to transfer to the plaintiff. The attorney, demanding a right to it, for $137 delivers it to the plaintiff. Suppose the statement true, that Shelton assented to this; in other words, that he had got the note and delivered it, for $137, to the plaintiff. He would take it, subject to every right, legal or equitable, between Shelton and the defendants, and on the case as now presented, Shelton admits himself to be the debtor of the defendants for the whole avails of the note which he procured to be discounted.
It is manifest, we think, that there was something in the transaction not in evidence; birt it is equally plain, that there is no possible ground to hold the defendants liable in this action.
The next question is, what determination can we make of the case?
After the plaintiff had rested, the defendants’ counsel moved for a nonsuit, on a ground not necessary to state, which was denied.
The defendants having then gone into evidence and rested, moved for a dismissal, on the ground that the plaintiff had not proved his title to the note; that it appeared the same belonged to Shelton.
The Judge ruled that the plaintiff should show further evidence of his title. He then called on the attorney of the plaintiff in the suit in Connecticut, who deposed as before noticed.
All the evidence being closed, the Judge ordered a verdict to be entered for the plaintiff, subject to the opinion of the court at General Term, on a case to be made, with liberty to turn the case into a bill of exceptions.
The case, then, is this: there was nothing at the trial to sub *32 mit to the consideration of the jury; no question of fact whatever. The Judge, in directing a verdict subject to the opinion of the court upon a case, directs substantially that the questions of law arising upon the facts, proved or admitted, be submitted to the court at General Term.
It comes, then, precisely within the last clause of the 265th section of the Code, that where upon a trial the case presents only questions of law, the Judge may direct a verdict subject to the opinion of the court at a General Term, “and in that case the application for judgment must be made at the General Term.”
Does not this mean an application for judgment of dismissal by the defendants, as much as an application for judgment according to the verdict'for the plaintiff?
By the former practice, upon a case made under a direction at the circuit, for a verdict subject to the opinion of the court, a judgment for the defendant could be given, and the practice was settled that the postea ought to be stayed in the hands of the clerk at the circuit until the decision of the question, and the verdict and judgment were then entered for the plaintiff or defendant as the case might happen. (Jackson v. Fitzsimmons, 6 Wendell, 546.)
In Astor v. L'Amoreux, (4 Sandf. Sup. Ct. Rep. 537,) the cause had been tried without a jury, and judgment (pro forma) entered, in order to have the case presented to the General Term. This was under a previous order granting a new trial. The court considered that it possessed the same power as upon an appeal to the Court of Appeals, and under the interpretation of the word “modify,” in section 330, could give such a judgment as the inferior court ought to have rendered, and thereupon entered judgment for the defendant.
Upon appeal (4 Selden, 109) the court reversed this judgment, stating that there was error in ordering final judgment upon a case made at the trial. The Superior Court was only authorized to grant a new trial.
Upon referring to the report in 4th Sandford, we find that the General Term passed distinctly upon the evidence, as establishing certain material facts which it was clear a new trial could not vary. This case is not an authority decisive of the present question.
In Marquart v. Marquart, (2 Kernan Rep. 338) the testimony had *33 been taken by consent before a referee, and the case tried without a. jury, on pleadings and depositions. The Judge at Special Term directed a judgment, which, on appeal, was reversed, aud the complaint dismissed Avith costs.
On appeal Justice Johnson said: When the facts a,re ascertained upon the trial, either upon special verdict or any other form of finding allowed by the court, the general question, which party is entitled to judgment, arises upon appeal, and in such eases a judgment disposing of the whole cause may be given at 'General Term, notwithstanding such judgment be adverse to that given at the Special Term.
But Avlien the case is brought for reAriew at the General Term upon an allegation of error in the trial—in the process of ascertaining the facts—the only judgment which can be given for the appellant is one'ordering a new trial.
The court, however, proceeded to observe, that the question of law which formed the ground of decision at the General Term was one which would necessarily arise upon another trial, and which, therefore, it was proper to examine here. The court disposed of the case by affirming the judgment at Special Term.
In these cases we find that the General Term had founded its decisions upon its own exposition of the evidence; in other words, finding the facts. This is all that is expressly held to be erroneous. The present case is wholly different.
The exceptions taken by the plaintiff in the course of the trial to the ruling of the Judge were, the admission of the deposition of Shelton, the record of the judgment in Connecticut, the ruling that the plaintiff must give further proof of title to the note after the defendant had rested, and an exception to his offer to prove by the attorney that the balance which he claimed as due on the note was the avails of property sold as the property of Shelton, but which, in fact, belonged to one George Bliss.
The stock which had been sold as the property of Shelton, to pay the execution, stood on the books in the name of Bliss.
There is not a point made by the plaintiff’s counsel as to these supposed erroneous rulings. If there had been, the objection appears to us wholly untenable. The last is the only one which might deserve notice; but the answer is, that Bliss has never asserted any claim to the stock sold by the sheriff, and the note was *34 fully paid out of what must be assumed to have been Shelton’s property.
There must be judgment for the defendants, dismissing the complaint with costs.