M. FRANCES O'BRIEN, as Administratrix, etc., of ARTHUR B. O'BRIEN, Deceased, Plaintiff, *v.* LEHIGH VALLEY RAILROAD COMPANY, Defendant.

Supreme Court, Monroe County, May 8, 1941.

*Harris, Beach, Folger, Bacon & Keating* [*Paul Folger* of counsel], for the plaintiff.

*Moser & Reif* [*Clarence A. Moser* of counsel], for the defendant.

LAPHAM, J. This is a motion by the defendant to vacate a judgment and for stay of entry of judgment in this action until the determination of the defendant's motion to dismiss the complaint and its motion for a new trial.

The issues in this action were tried before me and a jury at a Trial Term. At the end of the plaintiff's case the defendant moved for a nonsuit and for a dismissal of the complaint. This motion was denied. At the close of all the evidence the defendant renewed its motion for a dismissal of the complaint. Decision on this motion was reserved with the consent of the parties, and the case was sent to the jury. The jury returned a general verdict for the plaintiff and after the return of the verdict the plaintiff entered judgment and filed her bill of costs.

The defendant moves against the judgment because it asserts that the entry of judgment should have been deferred until the motion on which decision was reserved had been decided.

There is apparently no decision which has passed on the precise point at issue here. I believe, however, that the entry of judgment in this action was premature.

A judgment is a complete determination of the rights of the parties. (Civ. Prac. Act, § 472.) Its fundamental attribute is finality and the entry of judgment after the trial of an action must wait on a complete disposition of all the issues in the case. If anything remains unresolved upon the trial, which survives a general verdict, a judgment cannot be entered until this issue has been decided in some fashion.

A motion for a dismissal of the complaint at the close of all the evidence, on which decision has been reserved with the consent of the parties, has always been held to survive a general verdict. Under these circumstances, the court may override the verdict and render its decision on the motion to dismiss. Where decision on the motion has been reserved on consent, the verdict is always tentative and never conclusive. (*Bail* v. *N. Y., N. H. & H. R. R. Co.,* 201 N. Y. 355; *Paltey* v. *Egan,* 200 id. 83; *Glennon* v. *Erie R. R. Co.,* 86 App. Div. 397; affd., 180 N. Y. 562.) Here the trial is not complete while the motion to dismiss the complaint, on which decision has been properly reserved, remains undecided. (*Stern* v. *Wabash R. R. Co.,* 52 Misc. 12.) A proper reservation of a question on the trial may be likened to the rendition of a verdict subject to the opinion of the court where judgment is deferred until the opinion of the court has been given. (*Jackson ex dem. Fitzsimmons* v. *Fitzsimmons,* 6 Wend. 546.)

Orderly procedure commands the same result. If judgment could be entered on a verdict in spite of the proper reservation of a decision on a motion for a nonsuit and for a dismissal of the complaint, the defeated party might be compelled to take two appeals in the same case in order to protect his rights fully. The anomaly, moreover, might occur of a favorable decision being rendered for the defendant on the motion to dismiss the complaint which in the eyes of the law relates back to the time when the motion is made (*Paltey* v. *Egan, supra*) at a time when the defendant had unsuccessfully prosecuted an appeal from the judgment on the general verdict. Procedural anomalies should not be created or perpetuated except in response to the clear command of the statute.

If the defendant had made only a motion for a new trial, it is clear that the entry of judgment after the verdict would have been proper. (Rules Civ. Prac. rule 203.) The fact that the defendant has moved for a new trial under section 549 of the Civil Practice Act, as well as for a dismissal of the complaint on the trial, may

expose him to a charge of inconsistency, but it does not deprive him of his right to rest on the earlier motion to dismiss. This inconsistency is an indulgence which the law allows to a defendant. (Cf. Civ. Prac. Act, § 262.)

The defendant's motion to vacate the judgment and for a stay of the entry of judgment until the determination of its motion for a nonsuit and for a dismissal of the complaint is granted.

Let order enter accordingly.