. Burton S. Sherman, J.
Defendants move to modify an income execution levied upon defendants’ salary after default judgment procured for nonpayment under a retail installment contract. Defendants, in September 7, 1968, executed a retail installment contract (drawn in conformity with Personal Property Law, § 302), whereby they purchased an automobile, from plaintiff’s assignor, at an agreed deferred payment price, exclusive of down payment of $2,473.20. The “Total Time Balance ” included service charges, life insurance, and accident and health insurance. It provided that the said balance would be paid off in monthly installments, beginning October 7, 1968 and the last payment due and payable on September 7, 1971 (36 months). The contract was assigned to the plaintiff herein.
Defendants paid one installment pursuant to said contract and, on January 2, 1969, a default judgment was duly obtained against them. By virtue of income executions, all moneys due and owing on account of the judgment have been paid, except the sum of $434. The automobile was never repossessed and as far as appears, no attempt was made so to do. Defendants’ prayer demands an order ‘‘ Deeming the judgment satisfied, returning excess garnished salary with interest They *1040 calculate that they are entitled to a refund of $748.89, since “ The plaintiff has thus collected interest and insurance premiums after he accelerated the obligation of the contract”, and “ The interest and insurance permiums were therefore unaccrued”. The defendants’ commercial transactions in the premises are covered by the “ Motor Vehicle Retail Installment Sales Act ” (Personal Property Law, §§ 301-312), but especially sections 305 and 312 thereof. Section 305 provides that a purchaser of a motor vehicle under a retail installment contract may “ pay it in full at any time before the maturity of the final installment of the time balance thereof ” and be entitled to a refund credit, including, in a proper case, part of the credit service charge and part of the group credit life insurance charge. Such credits accrue ‘ ‘ whether or not the maturity of the time balance of the contract was accelerated by the holder by reason of the buyer’s default.” Section 312 simply extends the provisions of section 305 to ‘ * group credit accident, group credit health or group credit accident and health insurance ”.
While the court understands the plight of the defendants, it is unable to modify the income execution which is based upon a valid judgment. All substantive questions involving the cause of action itself are merged in such judgment even if it is obtained by default. The fundamental attribute of a judgment is finality, requiring that all issues in the case be determined prior to its entry (O’Brien v. Lehigh Val. R. R. Co., 176 Misc. 404; CPLR 5015). Nor does section 305 of the Personal Property Law aid the defendants. For the procurement of the judgment on June 2, 1969 was not a payment ‘ ‘ in full at .any time before the maturity of the final installment ” which would entitle them to a refund credit.
The motion is denied.