RICHARD H. GRIFFIN et al. *v.* HENRY S. HELMBOLD.

MATTHEW S. BRENNAN, Sheriff, etc., Appellant, N. B. SADDLER, Assignee, etc., Respondent.

Upon an attachment issued in this action, the sheriff seized certain property; by consent of the parties interested an order was obtained providing that the sheriff should proceed to sell by an auctioneer named, "and hold the proceeds thereof in the same manner as the property sold subject to the existing rights of all parties therein." In pursuance of the order the sheriff sold and rendered his account, which was settled save as to items charged for auctioneer's fees, which were objected to as excessive. *Held*, that an order was proper taxing the items and requiring the sheriff to pay over the difference between the amount so allowed on taxation and that retained, although the money did not actually come into his hands; that it was to be presumed that he assented to the order naming the auctioneer, as neither the court nor the parties could compel him to employ an auctioneer, or could name one whom he should employ without his consent; that the auctioneer was his agent, and for moneys coming into the hands of such agent he was responsible; and that this was a proper case for taxation under the provision of the statute on that subject. (2 R. S., 652, § 1.)

Also *held*, that there having been no agreement for the compensation of the auctioneer, the sheriff had no right to allow beyond the two and one-half per cent fixed by statute.  (1 R. S., 532, § 23.)

Also *held*, that it was not error for the General Term, on appeal from an order of Special Term denying a motion so to charge the sheriff, to make such an order as should have been made by the Special Term.

(Submitted January 29, 1878; decided February 5, 1878.)

APPEAL by Matthew T. Brennan, late sheriff of the city and county of New York, from order of the General Term of the Supreme Court in the first judicial department, reversing an order of Special Term, and confirming the report of a referee directing said sheriff to pay over to N. B. Sadler, assignee in bankruptcy of the defendant, the sum of $782.23.

The facts appear sufficiently in the opinion.

*Alanson Goodwin*, for appellant.   Parties may give directions to a sheriff which will excuse him from pursuing the course of conduct prescribed by law, and in some instances compel him to act as they direct, but while so acting the sheriff is excused from liability to them.  (*Root* v. *Wagner*, 30 N. Y., 1; *Mickles* v. *Hart*, 1 Den., 548; *Gorham* v. *Gale*, 6 Cow., 467; *Godfrey* v. *Gibbons*, 22 Wend., 569; *Weld* v. *O'Brien*, 2 Otto, 81; Crocker on Sheriffs, §§ 412, 869; *Walters* v. *Sykes*, 22 Wend., 566; Story on Agency, §§ 217 a, 320, 322; 2 Kent's Com., 633 and note; *Nicholson* v. *Momsey*, 15 East, 384; *Bailey* v. *Mayor, etc.*, 3 Hill, 531; *U. S.* v. *Collier*, 3 Blatch., 347; *U. S.* v. *Prescott*, 3 How. [U. S.], 578; *Crofut* v. *Brandt*, 58 N. Y., 106.)   Even if the sheriff were liable his liability would only be for the damages occasioned by his negligence.  (*Strong* v. *Campbell*, 11 Barb., 135.)

*E. C. Kittredge*, for respondent.

EARL, J.   An attachment was issued in this action to the sheriff of New York against the property of the defendants.

By virtue of the attachment the sheriff seized certain property. It was deemed, by all parties in interest, best that an immediate sale of the property under the attachment should be made, and an order of the court at Special Term was obtained by consent, which provided that the sheriff should forthwith proceed to advertise and sell the property at public auction, " by Benjamin P. Fairchild, auctioneer, and hold the proceeds thereof in the same manner as the property sold subject to the existing rights of all parties therein." Before this Helmbold, the owner of the property, had been adjudicated a bankrupt, and afterward an assignee in bankruptcy was appointed. In pursuance of the order the sheriff, through the auctioneer named, made a sale of the property. The proceeds amounted to $8,982.89. The sheriff then rendered an account of the sale to the assignee, in which he charged for the fees and expenses of the sale $3,879.39, the first four items of which, amounting to $1,575.28, were for the charges and expenses of the auctioneer. The assignee objected to the bill of expenses and charges as excessive, but settled with the sheriff as to all but the first four items. He then obtained an order of the court on notice to the sheriff, that he, the sheriff, " apply for and obtain the due taxation of the four items charged in the bill rendered by him," for auctioneer's fees and charges. The sheriff neglecting to proceed under such order, an order of the court was obtained by the counsel for the assignee requiring him to show cause why he should not be punished for contempt. On the return day of the last order the sheriff appeared, and expressing a willingness that the disputed items should be taxed, an order was made referring the matter to a referee " to take proofs of the sums charged, and the value thereof, and report the same with his findings thereon."

The matter was then brought to a hearing before the referee, and evidence was given both on behalf of the sheriff and the assignee. The referee found and reported to the court that the auctioneer had charged ten per cent for making the sale, without any prior agreement fixing his

compensation at that sum, and that he was entitled by law to only two and one-half per cent. He also found an over-charge in another item, and he reduced the whole bill from $1,575.28 to $793.05. The report was filed, and a motion was made on behalf of the assignee to confirm it and require the sheriff to pay over the difference between the two sums. This motion was denied, on the ground that the sheriff could not be charged with funds received by the auctioneer which did not come into his hands, the auctioneer not having been appointed by him. The assignee then appealed to the General Term, and there the order of the Special Term was reversed, and the sheriff then appealed to this court.

The order appealed from is right. It is true that the $1,575.28 did not actually come into the hands of the sheriff, and that he paid over to the assignee all the money he actually received after deducting the fees allowed to him. But it was his duty to procure the money from the auctioneer and to settle with him. The sheriff had no right to employ an auctioneer at the expense of the parties interested in the property (*Crofut* v. *Brandt*, 58 N. Y., 106), and the only purpose of naming the auctioneer in the order was probably to enable the sheriff to charge his fees in his bill. Upon the facts we must infer that the sheriff assented to the order. The auctioneer could not have been named without his consent. Neither the court nor the parties could compel him to employ an auctioneer, or name the auctioneer whom he should employ. The order did not make the auctioneer the agent of the parties, but the sheriff was to make the sale by the auctioneer, and the latter was to be his agent. He, not the auctioneer, was to take and hold the proceeds of sale; he had the sole right under the order to direct and control the sale, and it was his duty to take and hold the proceeds; he remained responsible for the property and its proceeds just as if the order had not been made; he had no more right to permit this money to go into the hands of the auctioneer than into the hands of any other agent whom he might employ about the sale. The

auctioneer, in taking this money, was his agent, and he must account for it.

No agreement in writing having been made as to the compensation of the auctioneer, he could not charge, and the sheriff had no right to allow him, beyond the two and one-half per cent fixed by statute. (1 R. S., 532.)

We think that this is a proper case for taxation under the provisions of law upon the subject (2 R. S., 652), and the court at Special Term should, upon the report and evidence, have taxed the bill and made an order for the sheriff to pay over the balance for which he remained accountable.

The sheriff cannot object that Saddler was not properly substituted in the place of Trask, the original assignee in bankruptcy. The substitution was made by an order regularly obtained at Special Term, upon notice, before the motion to confirm the referee's report was made. We must assume here that the order of substitution was made after notice to all parties interested. Saddler appealed to the General Term, and the defendant appealed as against Saddler to this court, thus recognizing him as a proper party to this appeal. It is now too late to object here, so far as appears for the first time, that he was not properly substituted in the place of Jones.

The General Term did not err in making such an order as should have been made at Special Term, and its order must be affirmed with costs.

All concur.

Judgment affirmed.