By the Court.—Horace Russell, J.
This default seems to have been permitted in part because the defendant’s attorneys believed that the appointment of a receiver of their client’s property made it necessary, before plaintiffs could proceed with their action, that the receiver should first be substituted as a defendant; but more because their client’s property having been taken away by the court, so that it was somewhat uncertain whether or not they would be compensated for their services, they did not choose to continue the defense until some satisfactory understanding on that point was arrived at.
1. It was not necessary that the receiver should be substituted as a defendant before the plaintiff’s action could proceed to judgment. A receiver, pendente lite, does not absolutely, and in all respects, supersede the corporation. The corporation was in extremis, but it was not dead. Until it was dissolved the suit against it could proceed even to judgment (In the Matter of Waterbury, 8 Paige, 380; Kincaid v. Dwinelle, 59 N. Y. 552 ; Potter on Corporations, 845-847 ; Meckles v. Rochester B’k, 11 Paige, 118 ; N. Y. Marbled Iron Works v. Smith, 4 Duer, 362; People v. Manhattan Co., 9 Wend. 351; Attorney-General v. At *373 lantic Life, 74 N. Y. 183). The plaintiffs’ proceedings were therefore regular.
2. I am of opinion that the default ought to have been opened as a matter of favor. The defendant’s attorneys were not the attorneys of the real party in interest, i. e., the receiver, at the time the default was taken; and a receiver—an officer of the court—ought not to be prevented from protecting his trust on account of their mistake of or a misunderstanding with them. The answer discloses a good defense to the action. The case is peculiar in its nature and ought to be openly litigated; and whether or not the attorneys of the corporation were guilty of laches, the receiver has been guilty of none, such as to justify the court in refusing to aid his efforts to protect the property committed to his care.
The order appealed from should be reversed and the motion granted, upon the payment of the costs for the trial of an issue of fact, and the disbursements of the trial term, and also disbursements up to and including entry of judgment and the costs of opposing this motion below—the judgment to stand as security —without costs of appeal to either party. And as this court has power to make the order which the special term should have made (Griffen v. Helmbold, 72 N. Y. 437), let such an order be entered.
Sedgwick, Ch. J., concurred.