v. Robbins, 89 N. Y. 251; Wood v. Rabe, 96 N. Y. 414; Bitter v. Jones, 28 Hun, 492; Gage v. Gage, 83 Hun, 362, 31 N. Y. Supp. 903. This, as we have seen, is clearly a case belonging to the latter class, and it therefore, as we think, falls within the rule above stated, and is one in which a court of equity is called upon to exercise its remedial jurisdiction.

So much of the judgment as is appealed from should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.    All concur.

---

### MAGNUS v. BUFFALO RY. CO.

(Supreme Court, Appellate Division, Fourth Department.    December 18, 1897.)

1. NEW TRIAL UPON THE MINUTES—DISCRETION OF TRIAL COURT.
    While Code Civ. Proc. § 999, enumerating the grounds for a new trial upon the minutes, requires that it must be made at the trial term, and before the justice who tried the action, yet it is within the discretion of the justice whether he will hear such motion, or direct it to be made upon a case and exceptions.

2. VACATION OF VERDICT—MOTION FOR NEW TRIAL—PRACTICE.
    A motion for a new trial upon the ground of newly-discovered evidence cannot be made when the verdict has already been set aside upon another ground.

3. NEW TRIAL—VACATION OF ORDER—IRREGULAR PRACTICE.
    After an appeal was taken from an order setting aside the verdict on the ground of excessive damages, the order was vacated, and defendant permitted to renew his motion upon the original grounds, and upon such further grounds as the facts might justify.    This last order was subsequently modified so as to vacate the order setting aside the order granting a new trial, and also the judgment entered upon the verdict, and provided that the order granting a new trial on the ground of excessive damages be set aside, and that defendant be permitted to move for a new trial upon a case and exceptions at special term, upon the grounds enumerated in Code Civ. Proc. § 999, and upon the ground of newly-discovered evidence.    Held, on appeal by plaintiff from that part of the last order granting defendant leave to move for a new trial under Code Civ. Proc. § 999, that, as the practice resorted to was entirely irregular, the parties should be restored to the position they occupied when the verdict was set aside.

Appeal from special term, Erie county.

Action by Joseph Magnus against the Buffalo Railway Company to recover damages for personal injuries.    From so much of an order of the special term as grants defendant leave to move at special term for a new trial upon all the grounds enumerated in section 999 of the Code of Civil Procedure, plaintiff appeals.    Order appealed from, and certain other orders made by the trial justice, vacated.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Joseph W. Russell, for appellant.
Porter Norton, for respondent.

PER CURIAM.    The situation in this case, as revealed by the record, is, to say the least, a somewhat remarkable one.    It appears that upon the trial of the action, which was brought to recover damages for personal injuries, the plaintiff obtained a verdict for $14,-

550. This verdict was subsequently set aside by the trial justice, upon the ground that the recovery was excessive, and from the order vacating the verdict an appeal was taken to this court. In the meantime it was discovered that the plaintiff's principal witness had committed perjury upon the trial, and he was thereupon indicted, convicted, and sentenced to prison for that crime. At this period in the history of the case, it naturally occurred to the defendant's counsel that this last-mentioned fact furnished another and a very efficient reason why a new trial should be granted in the action; and fearing that this court might possibly restore the verdict, in whole or in part, he obtained an order at special term vacating an order theretofore granted, setting aside the verdict, and permitting the defendant to renew his motion upon the same grounds upon which it was originally made, and upon such further grounds as the facts might justify. This order was, in turn, modified by the order from which the present appeal is taken, and which, as thus modified, directs (1) that the order setting aside the order granting a new trial be vacated; (2) that the judgment entered upon the verdict be also vacated; and (3) that the order of the trial justice granting a new trial upon the ground of excessive damages be set aside, and the defendant permitted to make a motion for a new trial upon a case and exceptions, at special term, upon all the grounds enumerated in section 999 of the Code of Civil Procedure, and also, and at the same time, upon the ground of newly-discovered evidence. The moving papers upon which this last order was granted indicate quite clearly that the main object of this exceptional procedure was to bring on the motion for a new trial upon the ground of newly-discovered evidence at the same time as, and in connection with, the motion upon a case and exceptions, for reasons which are equally obvious. But the two motions are distinct and separate, and, while they might ordinarily be heard at the same time, they would necessarily have to be decided independently of each other. The practice, therefore, to which the defendant's counsel has resorted, would not only fail of its object, but, if approved by this court, would lead to great confusion; and we must consequently discountenance it.

Having, however, reached this conclusion, we are met with this further embarrassment: The plaintiff has appealed from so much of the last order, only, as permits the defendant to make its motion for a new trial upon a case and exceptions at special term upon the grounds enumerated in section 999; his theory being that such a motion can be made only at the term at which the cause was tried. We do not so understand the rule. The section referred to specifies upon what grounds a motion for a new trial may be made which is based upon the minutes of the court, and requires that, when thus made, it must be at the trial term, and before the justice who tried the action. But at the same time it rests entirely within the discretion of the trial justice whether he will hear such a motion, or will direct it to be made more formally, and upon a case and exceptions. And, when the latter course is taken, we know of no reason why the motion should not be based upon any or all of the grounds enumerated in the section referred to. It would seem to follow, therefore, that the order ap-

pealed from ought to be affirmed; but, if this were done, it would imply a recognition upon our part of the right of the defendant to move for a new trial upon the ground of newly-discovered evidence, when the verdict in the case had already been set aside upon another ground; and this, as we have already indicated, cannot, in our opinion, be permitted. In view, therefore, of the peculiar circumstances surrounding the case, we deem it our duty to restore the parties to the precise position they occupied when the trial justice exercised his discretionary power by setting aside the verdict, and to thereby express our disapproval of the practice which has been resorted to. Code Civ. Proc. § 1317; In re Rockwell (Sup.) 9 N. Y. Supp. 696; Wood v. Baker, 60 Hun, 337, 14 N. Y. Supp. 821; Griffin v. Helmbold, 72 N. Y. 437.

Order appealed from, and all orders granted since the order of the trial justice setting aside the verdict, vacated, with $10 costs and disbursements to the appellant.