"I give the reversion of all such residue and remainder hereinbefore given in trust for the benefit of my wife for life, to those persons who, if my death occurred at the time of her death, would then be my heirs at law by blood."

And the testator left a wife and a son born after the execution of the will surviving him. The court held that the child acquired a vested estate in remainder under the will, subject to being divested in the event of his death before his mother, and that the case was not one provided for by the statute under consideration. If that decision has any application to the present case, it appears to me to be in support of the demurrer, because there such reference as was made to the after-born child was not made by such a specific term as "issue," but under the much broader term "heirs at law by blood."

My conclusion, therefore, is that the entire residuary estate passed under the will to the mother, the defendant Linda S. Stachelberg, unaffected by the subsequent birth of the infant defendant, Charles G. Stachelberg. The case has been argued and submitted upon the theory that the demurrer should be sustained if the case is not one to which the statute under consideration applies, and that the question I have discussed and decided is one that is properly raised by the demurrer. That having been the apparent theory of the attorneys on all hands, I have disposed of the case on that theory.

Demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of such costs within 20 days.

---

(52 Misc. Rep. 12.)

### STERN v. WABASH R. CO.

(Supreme Court, Special Term, New York County. November 17, 1906.)

1. JUDGMENT—ENTRY—STAY.

> The granting of a request for a stay, if a motion to set aside the verdict and for new trial should be refused, does not prevent entry of judgment on the verdict; only the issuance of execution and proceedings supplementary to the entry being affected by the stay.

2. SAME—MISTRIAL.

> A case does not result in a mistrial, with the effect that there is nothing to support a judgment, because the trial judge becomes disqualified to act on the motion to set aside the verdict and for new trial.

Action by one Stern against the Wabash Railroad Company. Defendant moves to vacate and set aside the judgment for plaintiff. Motion denied.

Kenneson, Emley & Rubino, for the motion.
Joseph A. Arnold, opposed.

LEVENTRITT, J. The defendant moves for an order vacating and setting aside the judgment entered in favor of the plaintiff.

The relief is prayed on the following facts: This action was tried before Mr. Justice Clarke and a jury in the closing days of June, 1905. At the end of plaintiff's case the defendant moved to dismiss the complaint on many grounds, which were stated and argued in detail. The court denied the motion without qualification or reservation. At the

conclusion of the whole case the motion was renewed and similarly denied. Exception was taken by the defendant, who thereupon moved for a direction of the verdict on stated grounds. This motion was denied in the same language as the other, the court simply saying, "Motion denied." Counsel summed up. The court charged. The stenographer's minutes of the trial then show this record:

"The jury retired at 5:30 o'clock p. m. and returned at 7:15 o'clock p. m. and rendered a verdict for the plaintiff for the sum of $4,136.60."

Plaintiff's attorney asked for an extra allowance. The court said: "Yes; you are entitled to an extra allowance, if I do not set aside the verdict." Defendant's attorney then moved to set the verdict aside and for a new trial on all the grounds mentioned in section 999 of the Code, and asked the court to fix a day on which he might submit a brief on the question. The stenographer's record shows this colloquy followed:

"The Court: Well, that is what Mr. Arnold asked I should do—take the case and reserve the question of law—and I will do it. Mr. Emley: Will your honor grant us, in the event that you do decide not to grant the motion, a stay? The Court: I will give you the usual stay of 30 days and sufficient time to make a case, and you may submit your briefs at any date upon which you agree. Mr. Emley: May we have until the 1st of October, then? The Court: Yes. (Decisions reserved. The court granted 30 days' stay and 30 days to make a case after decision.)"

No decision was ever rendered, because on the 4th day of October, 1905, and before final submission of the briefs, Mr. Justice Clarke was duly designated a justice of the Appellate Division and thereupon became disqualified under the Constitution and the Code from deciding the motions. Const. art. 6, § 2; Code, § 220. In the meantime, and on or about July 17, 1905, the plaintiff entered judgment on the verdict, and thereafter served the defendant's attorneys with a copy and notice of entry. The judgment having been entered, the defendant, after applying for an extension of time to appeal until after the decision of the motions, and being met by refusal, served notice of appeal, accompanying it with a letter that it was served without prejudice to the motions made.

Two points are urged in support of the motion to vacate and set aside the judgment: First, that it was irregularly entered because of the stay granted at the close of the trial. The stay, however, affected only the issuance of execution and proceedings supplementary to the entry. Under section 1005 a motion for a new trial does not operate as a stay unless an order to that effect is procured and served. Secondly, it is claimed that the case resulted in a mistrial, and that there was therefore nothing to support a judgment. The claim lacks foundation. Whatever grounds the defendant may have for a new trial, there seem to be none calling for a declaration of a mistrial. The former results from the exercise of discretion. The latter is a matter of law. A mistrial is a nugatory trial. A new trial recognizes a completed trial which for sufficient reason has been set aside so that the issues may be litigated de novo. In the case at bar there was a completed trial. The verdict of the jury was duly returned and entered by the clerk in his minutes. It became matter of record. The jury brought in a general verdict. No

request was made for special findings or a special verdict. The court did not reserve its decision on the motions for a nonsuit either at the end of the plaintiff's case or of the whole case. In each instance there was a complete disposition of the motion—nothing was reserved for future consideration.

Section 992 of the Code provides that "for the purpose of this article a trial by jury is regarded as continuing until the verdict is rendered." The article concerns itself with exceptions, the case, and motions for a new trial. After a general verdict has been rendered, and no question has been properly reserved by the court, the trial is complete, and the clerk must make an entry in his minutes, and upon the application of a party in whose favor the general verdict was rendered, judgment in conformity to the verdict must be entered unless the court has given a different direction. Code, § 1189. The motion for a new trial, as the very form of the phrase implies, is no part of the original trial. The judge presiding at a jury trial may or may not entertain the motion for a new trial. He may, in his discretion, when the motion is made upon his minutes at the same term, hear and decide it himself (section 999), or he may refer it to the Special Term on a case. Magnus v. Buffalo R. R., 24 App. Div. 449, 451, 48 N. Y. Supp. 490, 491. There the court say:

"It rests entirely within the discretion of the trial justice whether he will hear such a motion or will direct it to be made more formally and upon a case and exceptions, and when the latter course is taken we know of no reason why the motion should not be based upon any or all of the grounds enumerated in the section 999 referred to.

Merely because the justice entertains the motion himself does not make the trial the less a completed trial. His subsequent disqualification does not render the trial had nugatory whatever hardship it may impose on the moving party. The hardship in this action would seem primarily to be that the defendant must prepare a case to be presented to the Special Term, instead of being spared that trouble and expense by moving on the justice's minutes. The defendant is not remediless. Section 1002 allows the motion to be made at the Special Term where the judge who presided is for any reason disqualified. A stipulation and consent are offered by the plaintiff that he will accept due and timely service of any application made under that section in conformity with any order that may be made on this motion. This will secure to the defendant an opportunity to have its motion passed upon. But the contention that as a matter of law a mistrial has resulted is unsound.

Reynolds v. Ætna Life Ins. Co., 6 App. Div. 254, 39 N. Y. Supp. 885, the case cited, is not in point. That was an equity suit in which a decision, made by a justice thereafter designated to a higher court, was held, owing to the omission of material requirements, to be insufficient to support the judgment entered thereon. The court held in effect that there was no decision and that a mistrial resulted. A decision in that case would have stood on the footing of the recorded verdict in this case. A proper decision would have completed the trial. These observations apply with equal force to the case of Williamson v. Randolph (Ct. of App., June 19, 1906) 185 N. Y. 603, 78 N. E. 545, to which my

attention has also been directed. The trial justice reserved for determination no question to await the rendition of a general verdict. That fact, in my opinion, controls the conclusion that no mistrial resulted.

Motion denied, without costs.