MARGARET O'CONNOR, Plaintiff, *v.* JOHN J. HEALEY, as Executor of the Last Will and Testament of JOHN F. LOWERY, Deceased, Defendant.

(Supreme Court, Saratoga Special Term, July, 1916.)

Motions and orders — motion to set aside verdict — services — actions — judgments — costs — verdict — Code Civ. Pro. § 1189.

A motion under section 999 of the Code of Civil Procedure to set aside a verdict should only be granted where the error is manifest and, where the questions are doubtful or complicated, the motion should be made on a case.

A defendant may make such a motion at any Special Term under sections 997 and 1002 of said Code upon any and all of the grounds permitted under said sections 997, 999.

Where the trial justice is disqualified from hearing the motion the defendant is in the same position as if he had neglected to make it before the presiding judge at the Trial Term, or the judge had refused to hear it.

Such a motion on the minutes can only be made before the judge who presided at the trial and may not be made before him after adjournment.

The trial justice, in an action to recover for services rendered to defendant's testator, upon entertaining a motion to set aside a verdict in favor of plaintiff, stated that he desired a copy of the minutes before making a decision, thus by inference directing that judgment await the decision of the motion. The justice by his designation to the Appellate Division before deciding the motion became disqualified so to do and plaintiff entered judgment and an order granting a motion to vacate it was affirmed on appeal on the ground that technically the entry thereof was in disregard of the direction to delay judgment.

On application at Special Term for an order that defendant proceed with its motion to set aside the verdict or that plaintiff be permitted to enter judgment, held, that whatever direction was given by the trial justice as to suspending the entry of judgment in connection with a motion for a new trial upon the judge's minutes fell with the authority of the court to act upon the motion which was no part of the trial itself; that necessarily the motion for a new trial, if granted, involves setting aside the verdict.

That defendant had the right to have the question as to whether the costs should be awarded against the executor personally or be paid out of the estate determined before a judgment as to costs was entered against him, and the determination of the question was not limited to the judge who presided at the trial but may be determined at Special Term.

That plaintiff was at liberty to enter judgment in her favor for the amount of the verdict under section 1189 of the Code of Civil Procedure but must apply to the court for costs under sections 1835, 1836 and 3246 of said Code.

MOTION to set aside verdict.

Edward S. Coons and Edgar T. Brackett, for plaintiff.

James V. Coffey and John T. Norton, for defendant.

VAN KIRK, J. This is a motion for an order that the defendant, at the special term of the Supreme Court in Saratoga Springs, July 8, 1916, then and there proceed with its motion to set aside the verdict, or that the plaintiff be permitted to enter judgment with costs on the verdict.

The plaintiff has recovered a verdict from the defendant for services rendered to the deceased. A motion to set aside the verdict under section 999 of the Code was made and entertained, Mr. Justice Cochrane stating at the time that he desired a copy of the minutes before deciding the motion, by infer-

ence, at least, directing that judgment await the decision of the motion. Thereafter and before the motion was decided, he was designated to the Appellate Division and is disqualified for determining the motion. Thereafter the plaintiff entered judgment; a motion to vacate the judgment was granted and the order affirmed by the Appellate Division, which said (171 App. Div. 606): " The judgment was, therefore, entered technically in disregard of that direction (to delay judgment). However, if the judgment had been regular in form, there was no good reason why it should be vacated, as it did not in any way prejudice the defendant. The plaintiff had a valid verdict and nothing has happened to impair its validity or force, but action upon that verdict was suspended until the court could pass upon the pending motion for a new trial. * * * The entry of judgment by the plaintiff did not prevent the defendant from bringing the motion before the court with the same force and effect as though the judgment had not been entered."

Section 999 of the Code provides: " The judge, presiding at a trial by a jury, may, in his discretion, entertain a motion, made upon his minutes, at the same term, to set aside the verdict or a direction dismissing the complaint and grant a new trial upon exceptions; or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law." This motion is heard in the discretion of the judge, only. He may refuse to entertain it and require the defeated party to make his motion for a new trial upon a settled case under sections 997 and 1002 of the Code. But, if the motion is not entertained, or is not made, the defeated party is not deprived of any right. The courts have frequently said that the practice of entertaining motions under section 999

should only be approved in plain cases where the error is manifest, and where the questions are doubtful or complicated the party desiring to move for a new trial should move on a case. *Hinman* v. *Stilwell*, 34 Hun, 179. Defendant may make such motion under sections 997 and 1002 upon any or all of the grounds permitted under section 999. *Magnus* v. *Buffalo R. Co.*, 24 App. Div. 451. The justice being now disqualified to determine the motion, the defendant is in the same position as if he had neglected to make it before the presiding judge at the trial term, or the judge had refused to hear it. The motion on the judge's minutes can only be made before the judge who presided and cannot be made before him after adjournment. *Ibbotson* v. *King*, 42 N. Y. Supr. Ct. 207. So it seems to me that motion fell when Mr. Justice Cochrane became disqualified. Under sections 997 and 1002 the motion may be made at any special term; the plaintiff has a valid verdict and should not be deprived of it. The only hardship suffered by the defendant, his motion having fallen, is that it now must be heard upon a case settled, but in this case Mr. Justice Cochrane had directed that a copy of the minutes be furnished; and, under our rules, the stenographer's minutes now substantially make up the case on appeal or for motion for a new trial. So that, in this case, the defendant in no way suffers by reason of the inability of the trial judge to determine the motion. Whatever direction was given by Mr. Justice Cochrane as to suspending the entry of judgment in connection with the motion for a new trial upon the judge's minutes fell with the authority of the court to take any further action upon the motion. The motion for a new trial is no part of the trial itself. The fact that the trial judge entertained the motion for a new trial does not render the

trial incomplete. No reason is shown why a mistrial should be declared in this case.

The defendant urges that a motion to set aside the verdict is only possible under section 999 of the Code. This section is the only one that speaks of setting aside a verdict, but necessarily the motion for a new trial, if granted, involves the setting aside of the verdict. Section 999 of the Code was intended to give a speedy means of disposing of the motion for a new trial at the trial term. It does not cover any subject matter which may not be covered in the usual motion for a new trial before a special term; it is not a sole, exclusive remedy.

The remedy of the defendant is to move for a new trial at a special term under sections 997 and 1002 of the Code. *Stern* v. *Wabash R. Co.*, 52 Misc. Rep. 12.

What is the position of the plaintiff? Upon the rendering of the general verdict, no previous motion having been reserved, the trial was complete (Code Civ. Pro., § 992); and the clerk, upon application of the successful party, must enter judgment in conformity with the verdict, unless the court should otherwise direct.

While the trial was complete upon the rendering of the verdict, and judgment upon the verdict, unless the court otherwise directs, may be entered generally without application to the court and without its direction, this action is against an executor and the costs do not go as a matter of course. In no event in this case can costs go in favor of the defendant. The fact that some of the causes of action were dismissed does not change the fact that the plaintiff did recover a money judgment under his complaint. The question did, however, remain whether or not costs should be awarded to the plaintiff; and, if so, whether or not they should be awarded against the executor personally or be paid

out of the estate. The defendant has the right to have this question determined before a judgment as to costs is entered against him. The determination as to these costs, however, is not limited to the judge who presided at the trial, but is for the determination of the court, and I know of no reason why the special term cannot determine as to the costs. The plaintiff is at liberty to enter judgment in her favor for the amount of the verdict. Code Civ. Pro., § 1189. If the plaintiff desires costs, it seems to me it will be necessary to apply to the court for costs. Code Civ. Pro., §§ 3246, 1835, 1836. This disposition of the matter is, I believe, in harmony with the intent of the Appellate Division in advising as to the course to pursue.

My conclusion is that, unless the defendant, within thirty days, shall make his motion for a new trial, the plaintiff may enter judgment upon the verdict, and, if the plaintiff desires costs, she must apply to the court.

Ordered accordingly.