DETROIT NATIONAL BANK *v.* WAYNE CIRCUIT JUDGE.

VENUE—CHANGE—TIME TO MOVE—STATUTE—COURT RULE.
  Where a suit was in judgment at the time Act No. 309, Pub.
  Acts 1905, took effect, and was pending in the Supreme Court
  when Circuit Court Rule 58 was adopted, the rule had no ap-
  plication, and a motion for a change of venue under the statute
  made promptly on reversal and remand for a new trial was in
  time and should have been granted.

Mandamus by the Detroit National Bank to compel
Flavius L. Brooke, circuit judge of Wayne county, to
grant a change of venue. Submitted December 4, 1906.
(Calendar No. 21,991.) Writ granted January 4, 1907.

*Henry A. Harmon* (*H. Geer*, of counsel), for relator.
*Bowen, Douglas, Whiting & Murfin,* for respondent.

PER CURIAM. This is an application for the writ of
mandamus to compel the respondent to grant a change of
venue under Act No. 309, Pub. Acts 1905.

The cause was at issue August 4, 1902. Act No. 309
went into effect June 17, 1905. Trial was had in January,
1905, resulting in a verdict against the relator. Relator
sued out a writ of error October 3, 1905. The case was
reversed September 20, 1906, and a new trial ordered.
[*Detroit Nat. Bank* v. *Union Trust Co.*, 145 Mich.
656.] On September 29, 1906, relator made a motion for
a change of venue, alleging:

"Plaintiff cannot have a fair and impartial trial of said
cause in this county because of the odium attaching to
the plaintiff and its cause of action, on account of local
prejudice existing against plaintiff; that the plaintiff can-
not have a fair and impartial trial of this cause in this
county because the defendant has an undue influence over
the citizens of this county."

The respondent refused to grant the motion because it

was not entered within 10 days after the cause was at issue, and it was not made to appear to the satisfaction of the respondent that the facts upon which the application was based had come to the knowledge of the moving party within 10 days of the time of making such application, or that the relator had been diligent in ascertaining the facts upon which it based said motion.

Circuit Court Rule 58 was adopted February 16, 1906, which provides:

" Motion for change of venue   *   *   *   shall be entered and notice of hearing served within ten days after the cause shall be at issue, unless the moving party shall make it appear   *   *   *   that the facts upon which the application is based have come to his knowledge after the time above limited, and within ten days previous to such deferred application, and that said party has been diligent in ascertaining the facts upon which said action is based." 137 Mich. xxxvii.

It further provides that in causes then pending the motion should be entered within 20 days therefrom.

We think this case does not come within Rule 58. When Act No. 309 went into effect, the suit of relator was in judgment in the circuit court for the county of Wayne, and its attorneys were preparing a bill of exceptions for a removal to this court. An application for a change of venue then would have been an idle ceremony. It was uncertain whether there would be another trial. The suit was in this court when Rule 58 was adopted. It could not, therefore, be made applicable until the case was reversed and remanded to the court below for a new trial. It was reversed, and the relator promptly moved for a change of venue, bringing itself within the provisions of the statute.

We must, therefore, hold that the order for a change of venue should have been entered. The writ will issue as prayed.