## May v. May, et al.

(Decided November 13, 1912.)

### Appeal from Magoffin Circuit Court.

1. Pleading—In an action upon a note and mortgage, where the petition alleges that defendant executed the mortgage, there is no merit in the contention that her affirmative allegation that she did not execute it is not traversed.

2. Continuance—Relitigation of Same Question.—There is no error in refusing a continuance when the object is to attempt to again litigate the same question.

3. Court—Refusal to Vacate Bench.—Where the circuit judge knew the mortgage had been upheld by the Court of Appeals, it was not wrong for him to express an opinion for the guidance of the sheriff who sought his friendly advice in handling an execution.

4. Court—Objection to—Alleged Unfriendliness to Counsel.—It not being intimated in the affidavit that the judge would not act fairly and impartially, there is no merit in the objection that he was not on intimate terms with opposing counsel, and unfriendly to him.

5. Pleading—Supplying Lost Pleading.—Where a pleading has been lost which can be promptly supplied under the eye of the court, it is proper to permit it to be done rather than to continue for reference to the commissioner.

D. D. SUBLETT for appellant.

W. R. PRATER for appellees.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

Upon the return of the case of May v. May, et al., 109 S. W., 352, to the lower court, W. X. May brought an action to foreclose the $400 mortgage upheld in that decision. Mrs. May, the appellant, filed her answer, again attacking the validity of the mortgage. The trial court entered a judgment conformable to the prayer of W. X. May's petition. Mrs. Julia May appeals.

Appellant urges that an allegation of payment in her answer, based upon certain indorsements upon the note and mortgage evidencing payment, is undenied. There is no reply, it is true; but in his petition W. X. May explained that these indorsements were made upon the execution of the deed, which was adjudged void in the opinion, supra. That deed was to satisfy the mortgage; and when it was held void, the mortgage was held valid. Issue was sufficiently joined. She also complains that her affirmative allegation that she did not sign the mortgage is not traversed. The petition alleges that she executed it.

Appellant complains because a continuance was not allowed her upon her motion. To sustain her motion she filed her own affidavit, stating, in substance, that if she had sufficient time she could prove that the mortgage was fraudulent. Upon this she was not entitled to a continuance; for she had theretofore presented this issue, had it adjudicated, and been here with it upon appeal. At no time could she relitigate the same question. There was no error in refusing her a continuance for this purpose.

Appellant further complains that the trial judge erroneously refused to vacate the bench upon her affidavit seeking to depose him. The affidavit assigned three supposed reasons why the judge would not allow appellant a fair trial. The first supposed ground is that the trial judge decided the case, which was reversed in 109, S. W., 352. That fact is no objection to a retrial by an honest, impartial and upright judge. It is not intimated that the trial judge here was otherwise. The second supposed ground is that the trial judge had expressed an opinion to the effect that the mortgage was good—that he expressed this opinion to the sheriff, who had an execution in his hands levied upon the land. It was not wrong for the sheriff to seek the friendly advice of the circuit judge as to his course in handling this execution. The circuit judge knew that the mortgage had been upheld in this court; and it was not wrong for him to express his opinion, not upon the merits of this controversy, but for the guidance of the sheriff. The third alleged ground of objection to the judge was that he was unfriendly to appellant's attorney and on no intimate terms with opposing counsel. A judge of a court is human and like every other man must have his likes and dislikes, must find in the members of the bar characteristics and qualities which he likes or dislikes, of which he approves or disapproves. Insofar as he is not swayed by these natural emotions to do any man an injustice, the fact that he has them in common with his brother man does not disqualify him from trying a case. It is not intimated anywhere in the affidavit that the trial judge would not act fairly, becomingly and impartially. His course meets our approval.

The petition in the action was lost. The plaintiff was permitted to substitute the petition without a reference to the commissioner. Of this the appellant complains; though she does not complain that the substituted petition differed in any respect from the lost original. We held in Commonwealth v. Keger, 1 Duv., 240, that there were two methods of supplying lost pleadings; one; the statutory method of a reference to a commissioner, the other, the common law method of a substitution by the court. In Gregory v. Meister, 141 Ky., 54, we said, that when a pleading in a case had been lost, which could be promptly and correctly supplied under the eye of the court, it was

proper to permit it to be done so rather than to continue the case for a reference to the commissioner.

There is no error in the record. The judgment is affirmed.