(No. 21552.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUSSELL ROBERT McWILLIAMS, Plaintiff in Error.

*Opinion filed December 23, 1932.*

KNIGHT, PENNY & LUPTON, (CLARENCE DARROW, WIL-LIAM H. HOLLY, and THOMAS F. RYAN, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, J. J. NEIGER, ALFRED B. LOUISON, and MAX A. WESTON, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Russell Robert McWilliams was indicted in the circuit court of Winnebago county for the murder of William Sayles. McWilliams pleaded guilty and was sentenced to death. He prosecuted a writ of error, allowed by this court, and the judgment of the circuit court, so far as it imposed the death penalty, was reversed and the cause was remanded to that court with directions to proceed in conformity with the opinion filed. (*People* v. *McWilliams*, 348 Ill. 333). After the re-instatement of the cause in

the circuit court of Winnebago county, further proceedings, including the introduction of additional evidence, again resulted in the imposition of the sentence of death. In obedience to a second writ of error, allowed on the defendant's application, a transcript of the record is submitted for review.

The opinion of this court on the former writ of error was filed and judgment in accordance therewith was rendered on April 23, 1932. Six days later, notice was served upon the defendant and his attorneys that, on May 10, 1932, the State's attorney of Winnebago county would ask the re-instatement of the cause in the circuit court. The motion was allowed and the cause was re-instated. On May 14, 1932, the court fixed May 21, for the hearing ·of all motions in the case. The defendant, within a few days thereafter, presented a petition for a change of venue. In this petition he alleged that he feared he would not receive a fair trial; that the presiding judge, at the October, 1931, term of the circuit court, heard the testimony of witnesses, and sentenced him to death; that the Supreme Court reversed the judgment; that the cause was re-docketed and that by reason of these facts, the presiding judge was prejudiced against him. The prayer of the petition was for a change of venue to some other judge of the circuit. The petition was verified by the affidavit of the defendant and was accompanied by the affidavits of himself and one of his attorneys stating that they believed the presiding judge was so prejudiced against the defendant that he could not have a fair and impartial trial before him. The State's attorney acknowledged the receipt, on May 20, 1932, of copies of the defendant's petition for a change of venue and of the affidavits accompanying the petition. The defendant also made a motion for leave to withdraw his plea of guilty and the State's attorney likewise acknowledged the receipt, on the same day, of a copy of that motion. On May 21, 1932, the petition for a change of venue and

the motion to withdraw the plea of guilty were denied. The presiding judge began the hearing of testimony on May 31 and on the next day rendered judgment fixing death as the punishment and June 24, 1932, as the day of execution. Exceptions to the court's adverse rulings and judgment were preserved.

The only contentions of the plaintiff in error which need to be considered are that the circuit court erred, first, in denying the petition for a change of venue, and second, in refusing leave to withdraw the plea of guilty.

Section 18 of the Change of Venue act, as amended, (Cahill's Stat. 1931, p. 2747; Smith's Stat. 1931, p. 2910) provides that when any defendant in an indictment or information shall fear that he will not receive a fair and impartial trial in the court in which the case is pending, because the judge is, or the inhabitants of the county are, prejudiced against him or his attorney, the court shall award a change of venue upon the application of the defendant in the manner prescribed by subsequent sections of the act. Every such application, section 20 provides, shall be by petition setting forth the cause of the application and praying a change of venue. A further requirement is that the petition shall be verified by the affidavit of the defendant. The twenty-first section provides that when the cause for a change of venue is the prejudice of the judge against the defendant or his attorney, the petition shall be accompanied by the affidavits of the two persons last mentioned stating that they believe the judge is so prejudiced against the applicant or his attorney, that the former cannot have a fair and impartial trial. The case, in that event, may be tried by another judge of the same circuit, but the venue shall not be changed from the county in which the indictment was found. By section 25, it is provided that no change of venue shall be granted after the first term at which the applicant might have been heard, unless he shall show that the causes for which a change is asked have

arisen or come to his knowledge since the term at which the application might have 'been made.

Statutory provisions authorizing a change of venue upon conditions prescribed should receive a liberal, and not a strict, construction. Such statutes should be construed to promote rather than to defeat the right to a change of venue, especially where prejudice on the part of the judge is charged. (*People* v. *Scott,* 326 Ill. 327). In a criminal case, if the petition for a change of venue on account of the prejudice of the judge and the affidavits accompanying the petition are in compliance with the statute, the right of the defendant to a change of venue is absolute. The denial of the prayer of such a petition constitutes reversible error. *People* v. *Rosenbaum,* 299 Ill. 93; *People* v. *Cohen,* 268 id. 416; *Cantwell* v. *People,* 138 id. 602.

The plaintiff in error, in his petition for a change of venue, alleged that he feared he would not receive a fair trial because the presiding judge was prejudiced against him. The facts upon which he based the charge of prejudice were stated in the petition and it was verified by his affidavit. The petition was accompanied by the affidavits of the plaintiff in error and one of his attorneys. The deponent, in each of these affidavits, stated that he believed the presiding judge was so prejudiced against the plaintiff in error that the latter could not receive a fair and impartial trial before that judge. The prayer of the petition was for a change of venue to some other judge of the circuit. The petition and the accompanying affidavits therefore complied with the requirements of the governing statute; and, since the petition charged prejudice on the part of the judge, the granting of a change of venue was mandatory.

To escape this conclusion, however, the defendant in error invokes section 25 of the act which provides that no change of venue shall be granted after the first term at which the applicant might have been heard, unless he shall show that the causes for which a change is asked have

arisen or come to his knowledge since the term at which the application might have been made. The facts upon which the application was based arose largely after the reversal of the circuit court's first judgment and the remandment of the cause to that court. Manifestly, the petition could not have been entertained while the cause was pending in this court on a writ of error. An application for a change of venue during that period would have been an idle ceremony as the Supreme Court of Michigan said in *Detroit Nat. Bank* v. *Wayne Circuit Judge,* 147 Mich. 70. Section 25 could have no application until after the reversal of the first judgment and the remandment of the cause. The April, 1932, term of the circuit court was in progress when the judgment was reversed and it was at that term, and before the second trial was entered upon, that the petition for a change of venue was presented. The application, based upon the facts alleged in the petition, could not have been made at an earlier term of the circuit court.

The contention of the plaintiff in error that the trial court erred in refusing leave to withdraw the plea of guilty has no substantial basis. The court, before accepting the plea, explained to the plaintiff in error the consequences of entering it. Notwithstanding the court's admonition, the plaintiff in error persisted in the plea. Moreover, the contention was not made upon the former review and thereafter the plaintiff in error was precluded from raising the question. The court's ruling in respect of the plea was correct.

For the error in denying a change of venue, the judgment of the circuit court is reversed and the cause is remanded to that court with directions to proceed in conformity with this opinion. *Reversed and remanded.*