165 P.2d 309

**STATE ex rel. SULLIVAN, Attorney General, v. PATTERSON, Judge.**

No. 4877.

Supreme Court of Arizona.

Jan. 28, 1946.

John L. Sullivan, Atty. Gen., and Harry O. Juliani and John W. Rood, Asst.Attys. Gen., for petitioner.

C. B. Wilson, of Flagstaff, and C. D. McCauley, of Winslow, for respondent.

LA PRADE, Judge.

This is an original proceeding in certiorari in this court to review the action of respondent in denying to the state a change of venue of the state's information charging one Victor E. Westover, a public officer, with misappropriation of public funds. Westover was put to trial before a jury. The trial resulted in a hung jury. A mistrial was declared and defendant was ordered put to trial a second time. Prior to the second trial, the attorney general filed a motion for a change of venue upon the stated ground and for the reason that a fair and impartial trial could not be had in Navajo County. The motion was predicated on Rule 253, Rules Cr.Proc. (Section 44-1206, A.C.A.1939) and Rule 254, Rules Cr.Proc. (Section 44-1207, Id.). These two rules read as follows:

"44-1206. Removal of cause.—On a prosecution by indictment or information the state or the defendant may apply for removal of the cause on the ground that a fair and impartial trial can not be had for any reason other than the interest or prejudice of the trial judge."

"44-1207. Application for removal of cause—How made—The application for removal of the cause shall be made in writing and shall be presented in open court and then filed. It shall state the ground on which it is based and shall also state the facts constituting the ground. When made by the state it shall be verified by affidavit of the county attorney; when made by the defendant it shall be verified by his affidavit."

The grounds set forth in the verified motion were:

1. That the defendant is the present clerk of the superior court and as such clerk in actual and legal custody of the files and records in the case; that he has aided and will aid in the selection of the jury panel; that he is charged with the swearing of the jury panel and the trial jurors and the witnesses; that he is charged with making the minute entries, entering the judgment, and, in the event of an appeal, making and transmitting the record on appeal. The motion further set up that the defendant, by virtue of his office, was in close contact with all the jurors; that he had become very friendly with them;

and that he was charged with paying them for their services.

2. That prior to being elected clerk of the superior court, defendant had served two terms as county treasurer.

3. That his father now is and has been for some time a member of the state legislature, and that "because of the political connections aforementioned, there has been created a widespread sentiment in Navajo County against the prosecution in this case which precludes the existence in Navajo County of the elements for a fair and impartial jury to try this cause."

4. That the county attorney of Navajo County is hostile to the prosecution and has aided and abetted in creating public sentiment against the prosecution which will militate against the selection of a fair and impartial jury.

5. That there exists in Navajo County a widespread sentiment that it will be impossible to convict defendant no matter what the evidence against him may be, and that many and sundry persons have expressed opinions to the effect that defendant could not be convicted under any circumstances; and that the defendant has stated that the prosecution would not be able to select a jury panel in Navajo County to convict him.

6. That the chairman of the board of supervisors of Navajo County, Ben R. Hunt, has taken an active interest in behalf of defendant and has called on the governor and the attorney general on at least two occasions in an effort to persuade these officials to discontinue the prosecution and dismiss the case; that the said Ben R. Hunt, as chairman of the board of supervisors of Navajo County, is charged with the duty, among other things, of supervising the actions of county officials, with particular respect to shortages of public moneys such as is charged in this case, but nevertheless said Ben R. Hunt has aided in the defense of this case and has created a widespread sentiment throughout the County of Navajo against the prosecution.

7. That all of the foregoing facts and circumstances, and the many other intangible factors resulting from the aforementioned facts, make it impossible for the State of Arizona to receive a fair and impartial trial from a jury panel to be called in Navajo County for the trial of the case.

In opposition to the motion, defendant filed the following affidavit:

"That this affiant, realizing that his case might be tried by the present jury panel, took no part in the selection of said jury panel and has had no part in the selection of the additional jurors drawn subsequently thereto; that the office of the Clerk of the Court was represented in the selection and drawing of said jurors by Margaret Krebs, Deputy Clerk of the Court; that this affiant is not required to and will not swear the jury selected in this cause and those sworn in the actual trial of his case, and will not swear any witnesses produced by

either the plaintiff or defendant in his case, and will not have any part in the capacity of Clerk of the Court in any proceedings involved in his case and will not receive the verdict or poll the jury or enter judgment pursuant to such verdict, but has designated his Deputy Clerk to look after the entire proceedings of said cause in the above-entitled court and in the event of appeal to the Supreme Court; that affiant has consistently avoided any contact or friendly relations with the jurors upon said panel and will continue to do so.

"That affiant has no knowledge that the County Attorney of Navajo County is hostile to the prosecution of this action and has aided and abetted in creating public sentiment against the prosecution and in favor of the defendant in this case, and on the contrary alleges on information and belief that 'County Attorney has taken no part or interest in said case, either for the defendant or against the State; that affiant has no knowledge of widespread sentiment that it will be impossible to convict him no matter what the evidence against him may be and in that connection alleges that he has no knowledge or information as to such matters;

"Denies that affiant has made any statements to the fact that the prosecution will not be able to select a jury panel in Navajo County to convict him, and in that connection alleges that he has consistently avoided making statements regarding the action filed against him; denies that the State of Arizona will not receive a fair and impartial trial from a jury panel to be called in the county in this action; denies each and every material allegation in plaintiff's Amended Motion for Change of Venue not herein expressly admitted."

The attorney general, in addition to the verified motion for change of venue, produced three witnesses who testified substantially that they had heard the case discussed a great deal in Navajo County; that they had heard it repeatedly said that on account of the bias and prejudice existing against the prosecution defendant could not be convicted regardless of how conclusive the evidence might be establishing his guilt, and that they were of the opinion that a fair and impartial jury could not be secured in that county to try the case. Defendant offered no testimony and the court had nothing before it in opposition to the motion for a change of venue other than the affidavit of defendant. At the conclusion of the hearing the court denied the motion for change of venue and the case proceeded to trial. The jury was not able to agree, a mistrial was declared, and the case ordered set down for a third trial.

Now, at a time when the cause is still pending, this court, on application of the attorney general, directed the issuance of a writ of certiorari to the respondent on the ground that it had been made to appear that in the foregoing proceedings in the superior court respondent had grossly abused his discretion, exceeded his juris-

diction, and taken action contrary to his mandatory duty in failing to grant the motion for a change of venue.

By way of return to the writ, respondent has filed a motion to quash upon the following grounds:

1. That the state having gone to trial succeeding the adverse ruling on its motion for change of venue thereby waived its rights, and the alleged error on the part of the presiding judge has become a moot question.

2. That the portion of Rule 253, Rules Cr.Proc. (Section 44-1206, Id.) purporting to authorize the state to apply for removal of a criminal cause on the ground that a fair and impartial trial cannot be had is unconstitutional, being in conflict with Section 24, Article 2, Arizona State Constitution.

3. That the ruling on the motion was sustained by the affidavits and evidence and did not constitute an abuse of judicial discretion.

 We think that there is no merit in respondent's contention that the issues now presented make this a moot question.

"A moot case is one which seeks to determine an abstract question which does not arise upon existing facts or rights." Mesa Mail Pub. Co. v. Board of Supervisors, 26 Ariz. 521, 227 P. 572. There is no occasion for courts to decide moot questions or abstract propositions. The reason for adopting this position is well stated by Mr.

Justice Gray of the Supreme Court of the United States:

" 'The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it.' [People of the State of] California v. San Pablo & Tulare R. Co., 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (see, also, Rose's U. S. Notes)."

 In the case before us a mistrial was had for the reason that the jury failed to agree and was discharged. In Fisk v. Henarie, C.C., 32 F. 417, it was held that the term "mistrial" aptly applies to a case in which a jury is discharged without a verdict. A mistrial is equivalent to no trial. Baird v. Chicago R. I. & P. R. Co., 61 Iowa 359, 13 N.W. 731, 16 N.W. 207; State v. Young, 55 N.D. 194, 212 N.W. 857. The entire proceedings subsequent to the ruling on the motion denying the application for a change of venue may be said to have been a nullity. The disposition of the motion affected the rights of the state and is subject to review. We

hold that the state did not waive its right to a review by going to trial where that proceeding resulted in a mistrial.

■ The constitutional provision relied on as a bar to the removal of a criminal cause from the county in which the offense is alleged to have been committed is Section 24, Article 2, of the Arizona State Constitution, which reads as follows:

"Section 24. (Rights of accused.)—In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial *by an impartial jury of the county in which the offense is alleged to have been committed,* and the right to appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed." (Emphasis supplied)

In reviewing the law on the contention that the rule authorizing a change of venue is unconstitutional, it is found that many states have identical or similar provisions in their constitutions and at the same time have provisions in their criminal procedures authorizing a change of venue or removal of a criminal cause for trial. The majority of the decisions hold there is no conflict between the procedural provisions and the constitutions. One of the leading cases on this matter is that of Hewitt v. State, a Florida case reported in 43 Fla. 194, 30 So. 795, 796. The applicable portion of the Florida Constitution reads:

"* * * in all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed." Section 11, Declaration of Rights (Constitution of 1885).

The Florida statutes authorized a change of venue at the instance of the state or defendant provided it was made to appear to the satisfaction of the trial judge that it was "impracticable to get a qualified jury to try the same in the county in which the crime was committed." Rev.St.1892, § 2928.

The court declared that the constitutional provision is declaratory of the common-law rights of an accused person to an impartial trial by jury in the county where the offense is alleged to have been committed—which is the right preserved by our constitution. The court stated the common-law rule to be: "If an impartial trial could not be had in such county, the practice was to change the venue to some other county, where such trial could be obtained." In the Hewitt case the holding is that the guarantee is not a guarantee of a *trial in the county* where the offense is alleged to have been committed, but is a

guarantee of an *impartial trial by jury* in that county, and when it has been made out in a particular case that an impartial trial by jury cannot be obtained by the state, it is then constitutional to permit the cause to be removed. The court stated that it could not conceive that the constitutional guarantee is a barrier when it has been disclosed that an impartial trial cannot be obtained by the state, in which *observation we concur.*

One of the best-reasoned cases of the many supporting petitioner's theory is the New Mexico case of State v. Holloway, 19 N.M. 528, 146 P. 1066, 1067. The New Mexico constitutional provision is practically identical with ours. The contention of the New Mexico attorney general, as paraphrased in the opinion, reads as follows:

" * * * By the Attorney General it is urged that the Constitution must be interpreted by the same rules as are used in the interpretation of statutes, and that the cardinal rule is to discover the intention of the constitutional convention; that the statute does not limit the right to a change of venue to the accused person; * * * that the constitutional guaranty presupposes that a fair and impartial jury can be obtained and would not apply where it is adjudicated that a fair and impartial jury cannot be obtained in the county; that the common law gave the accused an absolute right to a jury trial within the county where the offense was alleged to

have been committed, but that this rule of the common law was qualified in cases where an impartial jury could not be obtained, in which event the crown had a right, as a matter of necessity, and to enforce the spirit of the right of the accused to an impartial jury, to change the venue to a county wherein such conditions did not exist; * * *."

█ The court adopted this view of the law and aptly set forth its reasons for the conclusion reached. The reasoning of the court is most persuasive and we commend its study. For those desiring a comprehensive review of all the authorities reference should be had to the exhaustive annotation (following the Holloway case) in L.R.A.1915F, p. 922. The majority view seems to be fully in accord with petitioner's contention and in our opinion is supported by the better reasoning. We hold that it is the right of trial by an *impartial jury in the county* in which the offense is alleged to have been committed that is preserved rather than the absolute right *to a trial in the county.*

█ In most cases the situs of the alleged crime is the home of the defendant, where he is surrounded by the influences of a good character, if he has established one, and where the witnesses are accessible for the purposes of a trial. To deprive a defendant of these influences and privileges would constitute a great injury to him. The abuse of the right to change the venue to the detriment of the accused

over his objection would result in a serious depredation of his constitutional guarantee. For this reason the power conferred upon superior courts to grant a change of venue should be exercised with great care and deliberation; any change of venue on behalf of the state should be made only after a showing which convinces the court that public sentiment is such that in all probability a fair and impartial trial cannot be had. At the time of the oral presentation of this matter in this court, it was admitted by counsel that the first trial jury was selected from a panel of sixty-five jurors and that no difficulty was encountered in securing the twenty-four jurors who duly qualified. This was a matter of record of which the trial court was privileged to take judicial knowledge at the time of the hearing on the application for change of venue. The judgment of the trial court on the motion for change of venue seems to have been thoroughly vindicated in that from a panel of fifty-five it was necessary to examine only thirty-five prospective jurors. Challenges for cause were allowed against nine of these and two were excused by the court on its own motion. It is our observation that most people are essentially honest. It is not indulging in presumptions to assume that most if not all jurors who qualify do so honestly and with no secret reservations to promote an evil or dishonest interest. A trial judge may, after denying a motion for change of venue, reverse his ruling at any stage of the proceedings prior to the actual selection and swearing of the jury, if he discerns or becomes convinced that there is skullduggery afoot, and that prejudiced, biased, and partial individuals are attempting to qualify as jurors to the preclusion of reasonably securing a fair and impartial jury.

Respondent challenges the propriety of a writ of certiorari in this case. Our attention is directed to the holding of this court in the state of State ex rel. Andrews v. Superior Court, 39 Ariz. 242, 5 P.2d 192, 193, wherein it is said that: "The writ of certiorari of course issues only for the purpose of testing the existence of jurisdiction, and not to determine whether existing jurisdiction was used erroneously." We pointed out in Wall v. Superior Court, 53 Ariz. 344, at page 352, 89 P.2d 624, 628, that " 'Jurisdiction' is of three kinds, (a) of the subject matter, (b) of the person, and (c) to render the particular judgment which was given." It is obvious that the court had jurisdiction of the subject matter of the proceedings; to-wit, the application for removal of the cause, and of the persons of the parties to such action. Respondent does not question this. The question is: Did the superior court have jurisdiction to enter the order denying the application for removal upon the showing made? It is the position of petitioner that the superior court of Navajo County had no jurisdiction (or power) to act except in a particular manner. His contention is that the opinions and facts set forth in the attorney gen-

eral's verified application for change of venue stood uncontroverted. With this view of the situation he calls to our attention the case of State ex. rel. Fletcher v. District Court, 213 Iowa 822, 238 N.W. 290, 294, 80 A.L.R. 339, wherein the court said:

"When on the undisputed facts the court exceeds its discretion, or takes action contrary to its mandatory duty, the party aggrieved, in the absence of other adequate remedy, is entitled to annulment on a statutory writ of certiorari."

Petitioner for the writ insists that on the undisputed facts, as he interprets them, the respondent had no jurisdiction or power to do other than grant the motion of the state for a change of venue, and that his refusal to do so was in excess of his jurisdiction.

Certiorari in Arizona is governed by Sections 28-101 and 28-104, A.C.A.1939, which read as follows:

"28-101. When granted and by whom issued.—The writ of certiorari may be granted by the supreme and superior courts, or by any judge thereof, in all cases when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

"28-104. Extent of review.—The review upon the writ shall not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

Quere: What was the authority of the superior court in these premises? When a proper application has been made for a change of venue, the rules provide and set forth the duty of the judge. This is contained in Rule 258, Rules Cr.Proc., Section 44-1211. This section reads as follows:

"Section 258. Duty of judge upon application for removal of cause. Where the application is made for removal of the cause the court shall hear the application and shall either grant or refuse it after considering the facts set forth therein and the affidavit accompanying it and any other affidavits or counter affidavits that may be filed and after hearing any witnesses produced by either party if the application of the defendant is supported by affidavits of resident electors of the county equal in number to ten (10) per cent of the total vote cast in such county for governor at the last preceding general election, an order shall be made for the removal of the action to any adjoining county for trial. When the court grants the application it shall make an order removing the cause to the proper court of some other convenient county where a fair and impartial trial can be had."

This court is already committed to the doctrine that "in an action for certiorari the court is not permitted to weigh

**50**

the evidence, but may only consider whether there is any evidence showing that the inferior tribunal acted within its jurisdiction." Batty v. Arizona State Dental Board, 57 Ariz. 239, at page 255, 112 P.2d 870, 877. See also In re Farish, 18 Ariz. 298, at page 308, 158 P. 845, 849. In the Farish case we said:

" * * * The court has no power to weigh the evidence and revise the judgment, if jurisdiction exists and authority was regularly pursued. It may not substitute its judgment for the judgment of the inferior tribunal, board, or officer upon the merits of the controversy. * * *"

It was the duty of the trial judge to hear the application and either grant or refuse it *after considering the facts* set forth in the application and the affidavit accompanying it and any other affidavits or counter affidavits that might have been filed, and after hearing any witnesses produced by either party. We consider this language to vest in the trial judge a discretion to refuse or grant the application after considering all the facts.

In the Farish case, supra, petitioner instituted proceedings by certiorari to test the legality of his removal from office. In his application he set forth that a hearing had been regularly held to determine whether or not he should be removed from office, and that evidence had been submitted upon the hearing in support of the charges against him. He challenged the sufficiency of this evidence. In this behalf this court said:

" * * * Whereas it was incumbent upon the appellant to show that there was no evidence presented at the hearing in support of the charges, he has in his petition affirmatively shown that there was evidence in support thereof. This, we believe, made it unnecessary for the court to examine into the evidence, and therefore it committed no error, in refusing to order the return amended, so as to include a certification of the evidence."

The decision there was that on certiorari this court was without authority to weigh the evidence regardless of its insufficiency or want of probative value. Let us now apply these rules to the affidavits in the instant case. It must be borne in mind at all time that the statute contemplates and provides that the issue shall be tried on affidavits which may be supplemented by evidence. The attorney general in his verified application for a change of venue set forth that the state could not receive a fair and impartial trial, due to the existence of the alleged condition of certain feelings of bias and prejudice in the county against the prosecution. Particular attention is now directed to the grounds of the motion above set forth. The first ground was that defendant was the present clerk of the court, etc., see supra. In the fifth ground of the motion there was a declaration that defendant had stated that the prosecution would not be able to select a jury panel in Navajo County to convict him. Defendant's affidavit in opposition, if believed by the trial judge, successfully

explained away the demoralizing effect, if any, of the fact that defendant was clerk of the superior court. He specifically denied the allegation that he had made any statements to the effect that the prosecution would not be able to select a panel in Navajo County to convict him. He also denied that the State of Arizona would not receive a fair and impartial trial from a jury panel to be called in the county. The application of the attorney general is fortified by statements of the existence of certain conditions and their effect; namely, defendant's office and his duties therewith, and the declaration alleged to have been made by defendant with reference to his immunity from conviction. In the defendant's affidavit these matters were put in issue and were matters which the trial court should have considered and must be held to have considered in passing upon the motion and in determining whether to grant or refuse it. The writ of certiorari is not available where there were evidence and facts presented for the consideration of the trial court. We are not permitted to consider the weight of the evidence presented or the sufficiency of the facts made to appear. We conclude that the inferior tribunal regularly pursued its authority and acted within its jurisdiction.

The motion to quash the writ of certiorari is granted and the writ is annulled.

STANFORD, C. J., and MORGAN, J., concur.