84 So.2d 383

### Cleo WALKER

v.

### STATE.

### 3 Div. 990.

Court of Appeals of Alabama.

June 30, 1955.

Harry H. Perdue, Jr., and Edw. J. Azar, Montgomery, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This is the second appeal in this cause, the first appeal having resulted in a reversal because of certain rulings on evidence, 37 Ala.App. 639, 74 So.2d 617.

The appellant's non-jury trial for driving while intoxicated resulted in a judgment of guilty and the imposition of a sentence of six months hard labor.

The evidence presented by the State was abundant in tending to show that the appellant was observed for some distance before the collision driving with his head on the steering wheel of his automobile; just before the collision his car swerved to the appellant's left side of the road and ran head on into another car travelling in the opposite direction. Several witnesses testified that appellant smelled of alcohol, and appeared drunk at the scene of the wreck. Appellant himself admitted to several beers, but denied he was intoxicated.

Not a single objection was interposed during the trial below, and the only time the court's ruling was invoked was upon appellant's motion that the court recuse himself for the reason that he had presided at the first trial of the appellant and heard the evidence later held to be inadmissible.

The court properly denied such motion.

The motion fails to allege bias or prejudice on the part of the trial judge. The mere fact of previous participation in a trial by a judge, without more, furnishes no ground for disqualification. 48 C.J.S., Judges, § 83 d., and cases cited thereunder.

The court sentenced the appellant to six months hard labor. There was no recital of a previous conviction in the judgment. Nor did appellant file a motion for a new trial questioning the correctness of the sentence.

Section 2, Title 36, Code of Alabama 1940 (pocket part) provides that punishment for driving while intoxicated shall be imprisonment in the county or municipal jail for not more than one year, or by a fine, or both, and upon a second or subsequent conviction one may be punished by imprisonment at hard labor for not more than one year, or by a fine, or both.

However, it is the duty of the court to ascertain from the evidence whether an accused has been previously convicted in order to determine the extent of the punishment to be imposed. Upon review we will presume that the lower court properly performed its duty in such procedure.

Certainly there is no hint in this record that such duty was not so performed. If in fact the sentence was improperly imposed the error could readily have been brought to the lower court's attention by a proper motion in that court, and the absence of such effort in the lower court reinforces the validity of the presumption of correctness of the sentence. Robertson v. State, 29 Ala.App. 399, 197 So. 73; Yates v. State, 31 Ala.App. 362, 17 So.2d 776.

Affirmed.