(No. 37135.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM LEE SMITH, Plaintiff in Error.

*Opinion filed September 27, 1963.*

HARRY S. MILLER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

On February 11, 1959, the grand jury of the criminal court of Cook County indicted the defendant, William Lee Smith, for the crime of armed robbery. He was tried by jury and found guilty and the case was brought to this court by a writ of error. The Attorney General confessed error, the judgment of conviction was reversed, and the cause was remanded for a new trial. On February 23, 1961, the grand jury returned another indictment against the defendant charging him with the same crime. The only significant difference between the 1959 indictment and the 1961 indictment is that the earlier indictment charged that the defendant was armed with a gun and the 1961 indictment charged that he was armed with a knife at the time of the robbery. The defendant was tried by jury on the 1961 indictment, found guilty and sentenced to the penitentiary for a term of not less than 7 nor more than 8 years. The case is now before us on a writ of error to review the second judgment of conviction.

The only issue involved on this writ of error is whether the trial court erred in denying the defendant's petition for a change of venue. A determination of this question requires us to review the proceedings prior to the denial of the change of venue. The indictment was returned on February 23, 1961, and on March 1, the chief justice of the criminal court assigned the cause to Judge Hasten and continued it until March 21. On that date it was continued

to April 13 on motion by defendant's counsel. The defendant was not present on April 13 and a *capias* was issued for his arrest. On the State's motion the case was stricken with leave to reinstate. On May 12 the defendant appeared before the chief justice without counsel and the cause was reinstated on the motion of the State's Attorney. The chief justice appointed the public defender to represent the defendant and continued the cause to May 15. On that date it was continued by order of court to June 15 for trial and by express consent and agreement between the State's Attorney and counsel for the defendant on June 15 the cause was continued for trial until August 21. On that date the defendant filed his petition for a change of venue alleging that Judge Hasten and another judge were prejudiced against him and that knowledge of the prejudice first came to the defendant on August 16. The prosecutor objected to granting the change of venue and stated that the matter had been on Judge Hasten's call since December 5, 1960, and that there had been numerous continuances since then. The prosecutor told the court that the State's witnesses had been worn out coming back and forth to court and that they were having difficulty with their employment. The court asked one of the witnesses how many times he had come to court and the witness replied that he had been coming there since 1959 and that he had lost four jobs. The court then denied the petition for a change of venue.

The principles governing a defendant's right to a change of venue are well settled. The statutory provisions with respect to a change of venue should receive a liberal rather than a strict construction and should be construed to promote rather than to defeat an application for a change of venue, particularly where prejudice on the part of the judge is charged. (*People* v. *Kostos,* 21 Ill.2d 451.) The right to a change of venue on account of the alleged prejudice of the trial judge is absolute if the requirements of the

statute are met. (*People* v. *Wallenberg*, 24 Ill.2d 355.) However, if it appears that the petition for a change of venue is for the purpose of delay, or is filed in an attempt to avoid any trial of the cause, the petition should be denied. (*People* v. *Stewart*, 20 Ill.2d 387.) The record of the proceedings under the 1961 indictment shows only one motion by the defendant for a continuance, all other continuances being either by order of court or by agreement between the State and the defendant. The petition was in proper form and alleged that the defendant's knowledge of the alleged prejudice first came to him five days before the petition was filed. In the *Wallenberg* case, it appeared that there were four prior continuances, some of which were occasioned by the motions of counsel for the defendant and we held that the petition was timely. We are of the opinion that, considering only the record of the proceedings under the 1961 indictment, the trial court erred in holding that the petition was filed for the purpose of delay.

The State contends, however, that the 1961 indictment was merely a re-indictment for the same offense as that charged in the 1959 indictment and that therefore all of the proceedings under the 1959 indictment must be considered to determine whether the petition for a change of venue was filed within time. By leave of court a partial transcript of the proceedings under the 1959 indictment has been filed in this court. This transcript shows that our mandate reversing the 1959 judgment and remanding the cause for a new trial was filed in the trial court on October 7, 1960. On October 10 the cause was reinstated and continued to October 13. On that date the cause was continued to December 5 by order of court and on the latter date it was continued on motion of the defendant to January 12. The transcript shows three further motions by the defendant which resulted in continuing the cause to April 13. Further continuances were either by order of court or by agreement, and after the defendant's conviction on the 1961 in-

dictment the State *nolle prossed* the 1959 indictment. The State draws our attention to the several continuances in the 1959 case which were granted on motions by the defendant and argues that these continuances must be considered in deciding whether the petition for a change of venue in the 1961 case was filed within time. We note that three of the motions in the 1959 case were filed before the 1961 indictment was returned. The question involved here is whether these continuances under a different indictment can properly be considered in deciding whether the petition for a change of venue was filed for the purpose of delay. So far as the briefs of counsel and our own research have disclosed, this question has not heretofore arisen. However, when the question is considered in the light of the principles previously discussed, which require that we give a liberal construction to the statutory provisions with respect to a change of venue, and which hold that a defendant's right to a change of venue is absolute if the requirements of the statute are met, it seems clear that proceedings under a different indictment, which occurred prior to the return of the 1961 indictment under which the defendant was tried, should not be considered. While not determinative of the issue, we believe *People* v. *McWilliams,* 350 Ill. 628, where denial of a motion for a change of venue based on prejudice of the trial judge, filed subsequent to remandment by this court of a prior conviction on the same charge, was held to be reversible error, is indicative of the conclusion we have reached here.

It is true that the State could have proceeded under the 1959 indictment without seeking a new indictment in 1961. However, it did not elect to do so. The defendant was tried on the 1961 charge and the record under that indictment is the only record to be considered here. We are of the opinion that the record in the 1961 case does not support the State's contention that the petition for a change of venue was filed solely for the purpose of delay, and we are

therefore of the opinion that the trial judge erred in denying the defendant's petition for a change of venue. The judgment of the criminal court of Cook County is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*