425 P.2d 842

**The STATE of Arizona, Appellee,**
**v.**
**Albert Dale NEIL, Appellant.**
**No. 8897–PR.**

Supreme Court of Arizona.
In Banc.
March 29, 1967.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., for appellee.

Leon Thikoll, Tucson, for appellant.

McFARLAND, Justice:

Albert Dale Neil, herein referred to as defendant, appeals from a judgment and conviction of guilty of two counts of forgery, rendered by the Pima County Superior Court on February 8, 1966. The case is in this court on a petition for review of the decision of the Arizona Court of Appeals, Division Two, reported in 4 Ariz.App. 258, 419 P.2d 388.

A judgment and conviction on the same charge had been previously rendered in that court on May 25, 1965, and on appeal to the Arizona Court of Appeals the judgment was reversed, and the cause remanded to the superior court for a new trial. State v. Neil, 2 Ariz.App. 230, 407 P.2d 419. On the morning of the new trial counsel for defendant was informed that the case had been re-assigned to Judge Garrett, who had presided at the former trial. Before

the jury had been called, or the trial had commenced, an oral affidavit of bias and prejudice was presented to Judge Garrett. The ground on which the affidavit was based was that the reversal of the previous trial would tend to result in bias and prejudice on the part of the presiding judge.

The Arizona Rules of Criminal Procedure, 17 A.R.S., provide for a change of judge as follows:

"On a prosecution by indictment or information the state or a defendant may apply for a change of judge on the ground that a fair and impartial trial cannot be had by reason of the interest or prejudice of the trial judge." Rule 196, Ariz. Rules Cr.Proc., 17 A.R.S.

"Neither the state nor any defendant in the same action may make more than one application for change of judge." Rule 198 Ariz. Rules Cr.Proc., 17 A.R.S.

"When an application is made to a judge for a change of judge, he shall proceed no further in the action except to call another judge to preside therein." Rule 200, Ariz. Rules Cr.Proc., 17 A.R.S.

This court has held that the rules of law pertaining to change of judge are essentially the same in civil cases as in criminal cases. Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721. The right to a fair trial is a foundation stone upon which our present judicial system rests. Necessarily included in this right is the right to have the trial presided over by a judge who is completely impartial and free of bias or prejudice. In order to insure this right, this court early announced, in the case of Stephens v. Stephens, 17 Ariz. 306, 152 P. 164, that a litigant has a peremptory right of disqualification. It was there said:

" 'To disqualify a judge * * * the litigant is not required to state any facts upon which his claim of the judge's bias or prejudice is founded, and in this aspect of the case the proceeding is analogous to that invoked in the exercise of a peremptory challenge to a juror. It is not the bias nor prejudice which works

his disqualification, but the mere filing of the affidavit in time, even though the judge against whom it is aimed be entirely free from either charge.' " 17 Ariz. at 309, 152 P. at 165 (quoting from Washoe Copper Company v. Hickey, 46 Mont. 363, 128 P. 584)

In the Stephens case, supra, the trial judge had made several orders—one of which required the affiant to pay certain costs. It was suggested that it was this order which prompted the filing of the affidavit. We said:

" * * * The law does not require the affiant to give or assign any reason or reasons for his belief that he cannot have a fair and impartial trial because of the judge's bias or prejudice or interest. It requires him to make and file the affidavit and prescribes its contents, but it does not make it a condition of the affidavit that it shall be true, nor will it weigh or estimate the motive for making it. So then it matters not what may have prompted the affidavit, if it complies with the law and was made and filed in time." 17 Ariz. at 311, 152 P. at 166

The timeliness of the filing of the affidavit has been considered several times by this court. In the case of Allan v. Allan, 21 Ariz. 70, 185 P. 539, it was held the affidavit was not timely where the trial judge had taken depositions in a prior hearing to be used at the trial. However, there were other considerations in the Allan case, as the affiant had not properly presented nor urged his motion. It was there stated that the affidavit would act to disqualify the judge if filed before the trial commences. In Sam v. State, 33 Ariz. 383, 265 P. 609, we said:

" * * * *—we have held that such affidavits *when filed before trial* are in effect a peremptory challenge to the trial judge, and that he has no discretion in passing thereon. Stephens v. Stephens, 17 Ariz. 306, 152 P. 164. The affidavits were not offered for filing until after the trial of the case had been commenced, nor in fact was defendant's affidavit

even signed at that time. The trial commences, for this purpose at least, when the jurors are first called into the box. Caples v. State, 3 Okl.Cr. 72, 26 L.R.A. (N.S.) 1033, 104 P. 493." 33 Ariz. at 402, 265 P. at 616

In Arizona Conference Corp. of Seventh Day Adventists v. Barry, 72 Ariz. 74, 231 P.2d 426, the rule in regard to waiver of the peremptory right was given a more strict interpretation, and the New Mexico rule that the affidavit was timely if filed before the judge has ruled on any contested matter whatsoever was adopted. This statement in the Barry case was later expressly disapproved in Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721. In the Marsin case, supra, this rule was modified to the extent that evidence or ruling of the court on collateral matters not bearing on the final decision did not constitute a waiver of the right to challenge the fairness of the judge.

The question in the instant case is whether an affidavit of bias and prejudice filed after a new trial has been granted is timely. In Hendrickson v. Superior Court, 85 Ariz. 10, 330 P.2d 507, 73 A.L.R.2d 1235, we specifically recognized two types of affidavits of bias and prejudice. The first is an affidavit of bias and prejudice filed under such conditions that its timeliness cannot be questioned. Such an affidavit imports verity, cannot be challenged, and operates to disqualify the trial court; the second, an affidavit of bias and prejudice made when disqualifying facts are unknown to affiant until after the time has expired for the affidavit to be normally presented. Under the second the truth of the affidavit must be established. In the Hendrickson case, supra, there was a mistrial, and the affidavit was filed after the mistrial and before the commencement of the retrial. In disposing of this question, we said:

"The question for solution is whether under the foregoing circumstances the respondent judge could decide as a matter of law that the affidavit of bias

was of no force and effect because not timely filed. The rule is that an affidavit of bias and prejudice must be seasonably filed or it is waived. It is likewise the rule that when the disqualifying facts are unknown to affiant until after the expiration of the time that the affidavit should normally be presented, the application for change of judge is timely if made upon the discovery of such facts. This latter rule is well stated in 48 C.J.S. Judges § 94, page 1086, as follows:

"'Where the party entitled to object is not informed of the disqualifying facts until after the expiration of the time in which objection should be made, his objection, made on discovery of the facts, will be regarded as seasonably made.'

\*        \*        \*        \*        \*        \*

"The troublesome question, unanswered by any pronouncement of this court, is how such an application should be processed. Unquestionably, interested parties were entitled to a hearing upon the motion for a substitute judge. This was had and respondent decided as a matter of law without any inquiry as to the nature of the claimed after-discovered facts or the subsequent discovery thereof that the application was untimely and of no force and effect. We think this was error. A proper affidavit of bias filed under such conditions that its timeliness cannot be questioned imports verity, cannot be challenged and operates to disqualify. Stephens v. Stephens, 17 Ariz. 306, 152 P. 164. Of necessity an affidavit such as is herein concerned cannot come under this rule for the reason that its timeliness is dependent upon a subsequent discovery of facts that warrant an honest belief that the judge is biased. Such an affidavit may be challenged and if this be done, the legal sufficiency and timeliness of the affidavit must be determined by the judge presiding or one to whom the matter may be assigned for that purpose. Such determination cannot be made without knowing

the claimed after-discovered facts and whether they were subsequently discovered. Consequently, in the event the validity of the affidavit is questioned by the judge or an opposing party, a hearing should be had and inquiry made and affiant required to disclose the facts relied upon and subsequent discovery thereof. If the facts are not such as would warrant the affiant as a reasonable person in honestly believing that the questioned judge is biased or if it appears they were not subsequently discovered, the application should be denied as a matter of law. If, on the other hand, the claimed after-discovered facts, if true, would warrant affiant as a reasonable person in honestly believing she would not obtain a fair and impartial trial and the application for substitute judge was made upon discovery of such facts, the same should be granted." 85 Ariz. at 12, 13, 330 P.2d at 509, 73 A.L.R. at 1237, 1238.

■ In the instant case the affidavit of bias and prejudice did not comply with the statutes in that it was oral, and was not filed three days before the trial as provided under the rules. We have held that a provision of the rules providing for an affidavit to be filed three days before a trial is not applicable where the judge is not known within this period of time. Marsin v. Udall, supra. Other jurisdictions have followed this rule. Tarsey v. Dunes Hotel Inc., 75 Nev. 364, 343 P.2d 910; Wolf v. Marshall, 120 Ohio St. 216, 165 N.E. 848; State ex rel. LaBaw v. Sommer, 237 Ind. 393, 146 N.E.2d 420; Jones v. Jones, 242 Minn. 251, 64 N.W.2d 508; State ex rel. Beeler v. Smith, 76 Wash. 460, 136 P. 678. There was no objection to the consideration of the affidavit on the basis that it did not comply with the statute in this regard. The assignment of the judge to try the case was not made known to defendant in time for a formal affidavit to be prepared and presented, and had the court been inclined to make a ruling on these grounds, it would have been its duty to permit time for the filing of the formal affidavit.

■ The affidavit was based on the ground that the reversal of the previous trial would tend to result in bias and prejudice of the court. The new trial had been granted solely upon the ground that there had been improper communication between the bailiff and the jury, the court having improperly directed the bailiff to give an oral definition of forgery to the jury. The court, in overruling the motion for a change of judge, found that the error of the court in the first trial was not sufficient to warrant a finding of bias and prejudice. The court did not err in so holding. United States v. Pioneer Packing Co., 10 Alaska 70; In re Estate of Buchman, 132 Cal. App.2d 81, 281 P.2d 608, 53 A.L.R.2d 451, cert. denied Buchman v. Morse, 350 U.S. 873, 76 S.Ct. 118, 100 L.Ed. 772; Walker v. State, 38 Ala.App. 204, 84 So.2d 383; Board of Medical Examiners v. Steward, 203 Md. 574, 102 A.2d 248; Atlantic & Birmingham Ry. Co. v. Mayor & City Council of Cordele, 128 Ga. 293, 57 S.E. 493; State ex rel. Anaya v. Scarborough, 75 N.M. 702, 410 P.2d 732; May v. May, 150 Ky. 522, 150 S.W. 685.

■ The case then turns upon the question of whether the filing of the affidavit before the second trial was timely under the first category, as set forth in Hendrickson v. Superior Court, supra. If so, then the disqualification was peremptory. In Hendrickson, supra, we expressly held that an affidavit filed after a mistrial was not timely under the first category, and that it required proof of the facts of bias and prejudice. The procedure in a trial after reversal is substantially the same as that after a mistrial.

Rule 314, Ariz. Rules of Criminal Procedure, 17 A.R.S., provides as follows:

"When a new trial is granted, the new trial *shall proceed* in all respects as if no former trial had been had. On the new trial the defendant may be convicted of any offense charged in the indictment

or information regardless of the verdict or finding on the former trial. The former verdict or finding shall not be used or referred to in evidence or argument on the new trial." [Emphasis added.]

It will be noted that the statute specifically provides that when a new trial is granted the new trial "shall proceed in all respects as if no former trial had been had." The legislature specifically stated that the trial would proceed, which is in effect a recognition that it had already started. This precise question was presented in New Mexico, in State v. Nelson, 65 N.M. 403, 338 P.2d 301. The defendant had been convicted of the crime of murder and sentenced to the death penalty. A new trial was granted, and an affidavit of bias and prejudice was filed against the court. Defendant was again convicted of the crime of murder, and given the death sentence. On Appeal from the second conviction, this same question was presented as in the instant case. The court held:

"The final question presented is whether appellant was entitled to disqualify Judge Tackett, who had presided at the original trial without objection, from sitting in the new trial of the cause. It is claimed the judge was without jurisdiction to do so since a disqualifying affidavit had been filed against him pursuant to the provisions of Section 21–5–9, 1953 Compilation. Appellant relies on Section 41–15–7, NMSA, 1953 Comp., which provides as follows:

" 'The district court to which any criminal cause shall be remanded for new trial shall proceed thereon in same manner as if said cause had not been theretofore tried.'

"In this jurisdiction there is no statutory definition of a new trial. However, the usual definition of a new trial, both common law and statutory, is that it is a re-examination of an issue of fact *in the same court* after a verdict by a jury. * * * Hence the statutory definition of new trial contained in many of the codes appears to be but a codification of the common law meaning. Wheeling & Lake Erie Ry. Co. v. Richter, 131 Ohio St. 433, 3 N.E.2d 408.

\* \* \* \* \* \*

" \* \* \* We are of the opinion that Section 41–15–7, supra, simply means that the district court to which any case is remanded for a new trial shall re-examine and retry all issues of fact.

\* \* \* \* \* \*

"We conclude that in the absence of any such compelling reasons as were present in the case of Keating v. Superior Court, supra [45 Cal.2d 440, 289 P.2d 209], after a case has been tried, the trial judge cannot be ousted of jurisdiction or power to preside over the new trial." 338 P.2d at 307, 308

It will be noted that the wording of the statute in New Mexico is stronger than the one in Arizona in that "the district court \* \* \* shall proceed thereon in same manner as if said cause had not been theretofore tried." However, both statutes use the word "proceed." As was held in New Mexico, the legislature has recognized that the new trial was a continuation of the trial against defendant. Under these circumstances, defendant should only be permitted to disqualify a judge upon proof that he was in fact biased and prejudiced as set forth in Hendrickson, supra.

In Jacobs et al. v. Superior Court, 53 Cal.2d 187, 1 Cal.Rptr. 9, 347 P.2d 9, the court, in holding that a litigant was not entitled to peremptorily disqualify a judge where there was a continuation of prior proceedings, stated:

" \* \* \* Such procedure would make it possible for litigants to gamble on obtaining a favorable decision from one judge, and then, if confronted with an adverse judgment, allow them to disqualify him without presenting facts showing prejudice, in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues." 1 Cal.Rptr. at 11, 347 P.2d at 11.

In the instant case, there had already been two mistrials before the trial and conviction which was reversed. The court, in ruling upon the question of bias and prejudice at the beginning of the last trial, related the facts of the previous mistrial and reversal and, in doing so, stated:

"The Court investigated that matter and granted a mistrial, feeling that it would be prejudicial to the rights of the defendant to go ahead with the trial after a juror, who had known of the previous trial on another charge, had related that to at least one or two members of the panel that were present for the selection of the jury.

"I think the record is replete that this Court has done nothing to base an actual charge of prejudice on. * * *"

On hearing of the motion for disqualification, the facts presented and called to the attention of the court were not sufficient as required by the Hendrickson decision to "warrant the affiant as a reasonable person in honestly believing that the questioned judge is biased * * *." Also, under the principles enunciated in the Hendrickson case, the affidavit of bias and prejudice was not timely filed insofar as to effect a peremptory disqualification. We find the principles of law, as established in this state by the Hendrickson case, to be controlling in our determination of the case at bar.

Defendant presents no other grounds for reversal on this appeal. He raises no question of failure to receive a fair and impartial trial and relies solely on his contention that the motion of bias and prejudice was timely made, and should have been granted as a matter of law. We therefore hold, for the reasons stated herein, that the judgment and sentence of the superior court should be affirmed.

The decision and opinion of the Court of Appeals, Division Two, are vacated, and the judgment of the Superior Court is affirmed.

STRUCKMEYER and UDALL, JJ., concur.

BERNSTEIN, Chief Justice (dissenting).

I must most respectfully dissent to the majority opinion of this court.

Under the posture of this case, on the very morning of the new trial the defendant learned for the first time that the same judge had been assigned to hear the case. The appellant timely, and I believe, understandably, filed his oral motion for change of judge. This motion was denied.

The majority relies heavily upon Hendrickson v. Superior Court, 85 Ariz. 10, 330 P.2d 507, 73 A.L.R.2d 1235; a case involving a request for change of judge at the commencement of a *retrial* following a mistrial. The majority's theory is that a new trial and a mistrial are analogous; and argue in effect that a new trial is not a new trial but only "a continuation of the trial against defendant."

Rule 314, Arizona Rules of Criminal Procedure, 17 A.R.S., provides as follows:

"When a new trial is granted, the new trial *shall proceed in all respects as if no former trial had been had.* On the new trial the defendant may be convicted of any offense charged in the indictment or information regardless of the verdict or finding on the former trial. The former verdict or finding shall not be used or referred to in evidence or argument on the new trial." (Emphasis added.)

It is well established that once an appeal has been perfected the trial court loses all jurisdiction. State v. Lopez, 96 Ariz. 169, 393 P.2d 263. Further, with the trial court's denial of defendant's motion for new trial, all matters came to an end, the case was concluded, there remained no "ultimate issues" for the trial court to decide. Following conviction and sentence, had there been no timely motion for a new trial filed, I think all members of the court would readily agree that the case was over.

Therefore, it seems patently clear that "when", on appeal, "a new trial is granted" the new trial is not "a continuation of the trial against defendant" (as the majority opinion states) but a *new* trial. Under Rule

314, *"the new trial shall proceed in all respects as if no former trial had been had."* The new trial *proceeds* from the original indictment or information, it does not proceed from, or become a continuation of the old trial, the jury of which has been discharged, the jurisdiction of which has been lost to the trial judge, and the judgment of which has been reversed.

Furthermore, I believe that the Hendrickson case, supra, is not applicable. There is a critical distinction between a new trial and a mistrial. In State ex rel. Sullivan v. Patterson, 64 Ariz. 40, 45, 165 P.2d 309, this court held that "the term 'mistrial' aptly applies to a case in which a jury is discharged without a verdict. A mistrial is equivalent to no trial." Hence no final judgment or sentence thereon is rendered by the court. In Stern v. Wabash R. Co., 52 Misc. 2, 101 N.Y.S. 181, 182, the Supreme Court of New York said, in distinguishing between a new trial and a mistrial, "the former results from the exercise of discretion. The latter is a matter of law. A mistrial is a nugatory trial. A new trial recognizes a completed trial which for sufficient reason has been set aside so that the issues may be litigated de novo;" and in Ex parte Alpine, 203 Cal. 731, 265 P. 947, 949, 58 A.L.R. 1500 the Supreme Court of California in distinguishing previous decisions said "A mistrial and a new trial are not the same thing in name or effect. A mistrial is equivalent to no trial * * * it is a nugatory trial; a new trial recognizes a completed trial. * * * This court has no power whatever to make any order based upon a mistrial" * * * whereas * * * "an order granting a new trial is appealable and subject to review by this court."

In all cases after jury verdict the trial judge "exercises" * * * final * * * "discretion" in granting or denying a motion for new trial and in pronouncing sentence. In performing these judicial acts, he acts in good faith and believes in the righteousness of what he has done. When subsequently the judgment "is set aside for sufficient reason," and a new trial ordered, the same trial judge would be less than human if he did not enter that new trial with some preconceived notions as to its outcome; just as one who reads the same book twice, knows its ending before he gets to it.

The right to a fair and impartial trial before a fair and impartial judge is a valuable substantive right, Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721, and rules of procedure authorizing a change of judge should receive a liberal and not a strict construction. Such rules should be construed to promote rather than to defeat the right to a change of judge, and the right of a defendant to change of judge is absolute, People v. McWilliams (1932), 350 Ill. 628, 183 N.E. 582; People v. Smith (1963), 28 Ill.2d 445, 192 N.E.2d 880. These cases found reversible error in the trial court's failure to grant a motion for change of judge.

The right of disqualification being peremptory, the rule in Stephens v. Stephens, 17 Ariz. 307, 309, 152 P. 164, as set out in the majority opinion applies, and this cause should be reversed and remanded for new trial.

LOCKWOOD, J., concurs in this dissent.