427 P.2d 917

**C. Lee MAST, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF YAVAPAI, Jack L Ogg, the Judge thereof, and Eino M. Jacobson, County Attorney for the County of Yavapai, Arizona, Respondents.**

**No. 8987.**

Supreme Court of Arizona.
In Banc.

May 17, 1967.

David H. Palmer, Prescott, for petitioner.

Eino M. Jacobson, Yavapai County Atty., for respondents.

BERNSTEIN, Chief Justice.

The petitioner, C. Lee Mast, has been tried twice in the Superior Court of Yavapai County on a charge of murder of his deceased wife. On each occasion the proceedings terminated with a hung jury. Subsequent to each trial, the state made a motion for a change of venue on the ground

that a fair trial could not be obtained in Yavapai County. The trial court denied the motion after the first trial, but granted the motion following the second trial and removed the cause to the Superior Court of Mohave County. In a petition for a writ of prohibition, addressed to this court, the defendant, petitioner here, challenged the propriety of the trial court's decision to grant the change of venue. On April 27, 1967, following oral argument on the matter, we granted a peremptory writ of prohibition, directing the trial judge to desist from taking further action in the transferal of the cause from Yavapai County. This written decision was to follow.

The constitutionality of Rule 201 of the Rules of Criminal Procedure, A.R.S. 17, allowing either the state or the defendant to apply for removal of an action to another county on the ground that a fair and impartial trial cannot be had in the county where the action was brought, was upheld in this court's decision in State ex rel. Sullivan v. Patterson, 64 Ariz. 40, 165 P.2d 309.[1] We said then, and we reassert now, that this rule does not conflict with Article 2, Sec. 24 of the Arizona Constitution's, A.R.S., provision that an accused shall have the right to a speedy public trial "by an impartial jury of the county in which the offense is alleged to have been committed * * *." The right of a defendant to a trial by jury in the county where the crime is alleged to have been committed is conditioned upon the possibility of empaneling "an impartial jury" in that county, and in order for a jury to be "impartial" its constituents naturally must be partial neither to the state nor to the defendant. The justification for such a position has been well stated in the following:

"If there be no exception to the rule [common law right to a trial by jury of the visne or neighborhood], it might well be argued that the state would not be entitled to a change of venue, although it might be impossible to secure an impartial jury in the county where the crime was committed. In other words, should it be found that a strong prejudice existed in favor of the accused in that venue, could the defendant be heard to insist upon an alleged right to a partial jury and urge in support of this right the constitutional guaranty of an impartial jury? Such refinement would tend to make the administration of justice a farce and bring down upon courts a just criticism." State v. Holloway, 19 N.M. 528, 146 P. 1066, L.R.A.1915F, 922.

As we said in State ex rel. Sullivan v. Patterson, supra, however, the power conferred upon the trial court to grant a change of venue upon the state's claim that they would be unable to obtain an impartial jury is to be exercised "with great care and deliberation", and the circumstances under which the power should be exercised are extremely limited. An accused should not be deprived of the advantage of a good reputation in the community or the ready accessibility of witnesses without a clear and persuasive showing that the state would be unable to find a jury that could consider the stated charge against the defendant objectively. In the present case, there has been no such showing. The state has produced no evidence to indicate that the jury would be partial to the defendant. In fact, to the direct contrary, the state has introduced a plethora of articles from a local newspaper covering the trials that it claims would make any jury partial to the state. It is the state's conclusion therefrom that the defendant could not get a fair trial in Yavapai County and that the trial judge's decision to remove the cause on the state's motion should be upheld. While it is commendable, if true, that the state is here seeking to protect the defendant, and not the state, by moving for a change of venue, we think that this matter is more properly left to the judgment of the defendant and his counsel and we disagree with any authority to the contrary.

1. The court was then dealing with Section 253, Criminal Rules of Procedure; 44-1206, A.C.A.1939 which is adopted as Rule 201 in our present revised statutes.

In the present case defendant is strongly against any such change of venue, and since the state has produced no evidence to indicate that the state cannot get a fair trial in Yavapai County, the defendant is entitled to be tried there.

Writ made permanent.

McFARLAND, V. C. J., and STRUCKMEYER, LOCKWOOD and UDALL, JJ., concur.